450 So.2d 730 (1984)
STATE of Louisiana
v.
Edward J. PIERCE.
No. 83-KA-769.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1984.
Joseph L. Montgomery, Staff Appeals Counsel, Indigent Defender Bd., Gretna, for Edward J. Pierce, defendant-appellant.
William C. Credo, III, Asst. Dist. Atty., Research & Appeals, Gretna, for State of La., plaintiff-appellee.
Before BOUTALL, KLIEBERT and DUFRESNE, JJ.
BOUTALL, Judge.
This is an appeal from a conviction of violation of La.R.S. 14:62, simple burglary of a motor vehicle.
Appellant assigns as error the trial judge's failure to grant defendant's motion for a new trial based upon a lack of evidence of specific intent to commit a felony while engaged in the alleged breaking and entering of the vehicle. We affirm the conviction.
The facts are:
On March 1, 1982 at about 1:10 a.m. Deputy Robert Brown of the Jefferson Parish Sheriff's Office, assigned to routine patrol, was traveling eastbound in the 2500 block of the Jefferson Highway when he first noticed a man, later identified as the defendant, Edward Pierce. The defendant was near a service station in the 2400 block of Jefferson Highway at the corner of LaBarre Road. Parked very near to the front door of the service station was a tan Dodge van. The defendant appeared to be tampering with the right front door of the van. The deputy cut his lights and waited across the street for several minutes and watched as the defendant entered the vehicle and moved about inside it. Deputy Brown, making use of the defendant's preoccupation, moved his vehicle into the service station parking lot. As the deputy got out of his squad car, the defendant jumped out of the van and started to run. Deputy Brown ordered the defendant to halt, which he did while simultaneously throwing down an object that later proved to be a Phillips screwdriver. Further investigation discovered a straightened out wire coat hanger laying on the ground near the right front door of the van and fresh pry and scratch marks on the van door that the van's owner testified were not there when he had secured the vehicle earlier that night about 10:00 p.m.
This issue might have better been brought before the trial court, and subsequently, before the reviewing court, by applying the statutory provisions of La.C. Cr.P. art. 821, to wit, a motion for a post *731 verdict judgment of acquittal. This codal provision deals directly with the issue of sufficiency of the evidence and eliminates the possibility of ambiguity in the trial court's rulings such as was discussed in State v. Korman, 439 So.2d 1099 (La.App. 1st Cir.1983). However, defendant has chosen this appeal as his vehicle to present his allegation of error before this court.
La.R.S. 14:62 reads, in pertinent part, as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft or other structure, movable or immovable, with the intent to commit a felony or any theft therein....
Appellant argues that the prosecution failed to present any evidence of the defendant's specific intent to commit a felony or theft while in the vehicle and because of this failure a new trial should have been granted under La.C.Cr.P. art. 851(1) as the verdict was contrary to the law and evidence.
Our Supreme Court has adopted the principles announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) which required that the standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.
In essence, the evidence shows: The appellant was observed moving about inside a van that was parked in a service station at approximately 1:00 in the morning. This van did not belong to him nor did he have permission to be in it. The appellant sought to flee the scene after the police arrived. Upon being called upon to stop, he threw down a Phillips screwdriver. Later investigation revealed a bent wire coat hanger near the van as well as chip and scratch marks on the van door that had not been there previously.
When the evidence is viewed in the light most favorable to the prosecution, it is difficult to imagine any hypothesis that does not include the specific intent to commit a felony or a theft therein at the time the appellant made his unauthorized entry of the van. Considering the evidence and testimony, this court feels that appellant's conviction is adequately supported by the facts.
For the foregoing reasons, this court finds the assignment is without merit and the conviction is affirmed.
AFFIRMED.