BOWES, Judge.
Defendant, Clarence George, III, was charged by bill of information with violating La.R.S. 14:62 in that he did commit simple burglary of an automobile owned by Kenneth J. Hogan. The defendant waived his right to a jury trial, was tried before the district court, and found guilty as charged on February 22, 1984.
On February 29, 1984, the State filed a bill of information (No. 84-650) pursuant to La.R.S. 15:529.1, charging George as a multiple offender. Defendant waived the reading of the bill, and the court set bond and the date for a hearing on the multiple bill. At the hearing on the multiple bill, on April 4, 1984, the defendant acknowledged his multiple offender status and executed a waiver of right (Boykinization) form. The court then sentenced George to eight years at hard labor. From that conviction and sentence, he now appeals.
No assignments of error were filed in the district court. In his appellate brief, defense requests “this Honorable Court is urged to review the record in this matter to determine the sufficiency of the evidence offered and to discover any all errors patent on the face of the records.”
Between 2:00 and 2:30 on the afternoon of December 2, 1983, Kenneth Hogan, accompanied by two friends, returned in a truck to his place of employment to obtain a trailer ramp needed to move a “Bobcat” from a job site. As Hogan turned from Acre Road onto Silverlily Lane in Marrero, the three men noticed that the door of Hogan’s 1975 LeMans, which was parked in front of his place of employment, was ajar. Looking closer, Hogan observed one man within the car bent under the dashboard and another leaning against a nearby fence. Hogan yelled to the subject within the car to stop what he was doing. Upon hearing the order, the subject fled and Hogan gave chase. Hogan recognized the subject as a man by the name of “Clarence” that he knew from the neighborhood. The subject eluded Hogan, who returned to his car. There he observed that his car’s radio had been removed from the dashboard and was lying on the front seat. Hogan called the Jefferson Parish Sheriff’s office and reported the incident to Deputy Luis Suarez who was dispatched to the scene. Hogan and his friends then returned to work. About an hour and a half later, when Hogan got off work for the day, he encountered the subject he had chased earlier. Heated words were exchanged in the street and the police were called to the disturbance. Deputy Suarez, who was on routine patrol in the area, answered the call. When Deputy Suarez arrived, Kenneth Hogan advised him that the person with whom he was having the *680 altercation was Clarence George, and George was arrested.
La.R.S. 14:62 states “[s]imple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein ....”
In Louisiana Jury Instructions, Criminal, Joseph and Lamoniea, 1980, the recommended jury charge for the offense of simple burglary reads in part:
Thus, in order to convict the defendant of simple burglary, you must find:
1) that the defendant entered the (designate the place alleged to have been burglarized)-, and
2) that the defendant was not authorized to enter (designate the place)-, and
3) that the defendant entered with a specific intent to commit (designate the appropriate offense) in the (designate the place).
The constitutional standard for evaluating the sufficiency of evidence was enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) and adopted by the Louisiana Supreme Court in State v. Byrd, 385 So.2d 248 (La.1980). “It requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime charged beyond a reasonable doubt.” State v. Smith, 463 So.2d 16, 18 (La.App. 5th Cir.1985).
When circumstantial evidence is offered to establish the offense or any of its component elements, the Jackson test, supra, must be considered in light of R.S. 15:438 which mandates that “assuming every fact to be proved that the evidence tends to prove, in order to convict, it [the circumstantial evidence] must exclude every reasonable hypothesis of innocence.
Under direct examination at trial, Kenneth Hogan testified as follows:
Q Now, there’s no question in your mind that Clarence George, III was the man in your car?
A He was in my car, and then he tried to, later that afternoon, persuade me that it was his brother that was in my car. And I know the difference between both of them.
Q Now, tell me, when you saw he was in your car, was he sitting up like I’m sitting up straight, or was he — If anything, describe how you saw him.
A He had the door open.
Q Which door?
A The passenger door open.
Q The passenger door was open?
A He had it wide open with one leg on the ground. The whole radio unit, itself, was out.
Q How did you see him? Was he down underneath?
A No. He was sitting just upwards like this (indicating) and leaning this way, here (indicating), in the car.
Q He was leaning as though he was working on the radio?
A Getting ready to pull out. He had just had it out.
He further testified that when he parked his car that morning, he locked it and that George did not have his permission to be in the car. Hogan’s testimony was substantiated by that of Gregory Taylor, a co-worker, who had been with Hogan in the truck as they returned from the job site.
The defendant, taking the stand in his own defense, testified that he was in a nearby barroom, shooting pool, at the time of the burglary. Although George claimed that four witnesses could verify his claim, he failed to produce any one of the four at trial.
Specific intent to commit a felony or any theft is an essential element of burglary. Although the question of intent is a fact question, it need not be proved as a fact; it may be inferred from the circumstances of the transactions surrounding the commission of the crime. See State v. Dickerson, 353 So.2d 262 (La.1977); State v. Coleman, 450 So.2d 1063 (La.App. 1st *681 Cir.1984); State v. Gaudin, 430 So.2d 768 (La.App. 5th Cir.1983); R.S. 15:446.
In the present case, the defendant’s unauthorized presence in the victim’s automobile during the victim’s usual working hours, the fact that he was observed bending under the dashboard, and the fact that the car’s radio had been removed from its location in the dashboard and placed on the seat of the car, makes it “difficult to imagine any hypothesis that does not include the specific intent to commit a felony or a theft therein at the time the appellant made his unauthorized entry.” State v. Pierce, 450 So.2d 730 (La.App. 5th Cir.1984).
We find that the State proved beyond a reasonable doubt that the defendant did, in fact, commit the crime of simple burglary.
Further, we have examined the record for errors patent on its face and find none.
Accordingly, the conviction and sentence of the defendant are affirmed.
AFFIRMED