491 So.2d 458 (1986)
STATE of Louisiana
v.
Anthony MARTIN.
No. 85 KA 1489.
Court of Appeal of Louisiana, First Circuit.
June 24, 1986.
*459 Bryan Bush, Dist. Atty., Baton Rouge, by Louis Daniel, Asst. Dist. Atty., for plaintiff-appellee.
Public Defenders' Office, Baton Rouge, Johnny Wellons, Baton Rouge, for defendant-appellant.
Before LOTTINGER, CRAIN and PONDER[*], JJ.
CRAIN, Judge.
Anthony Martin was charged by bill of information with improper telephone communication, in violation of La.R.S. 14:285. He entered a dual plea of not guilty and not guilty by reason of insanity. He was tried before a jury, which convicted him as charged. He was subsequently sentenced to serve two years in the East Baton Rouge Parish Prison. He has appealed, setting forth eight assignments of error and briefing four.[1] Assignments of error not briefed on appeal are considered abandoned. Uniform RulesCourts of Appeal, Rule 2-12.4.

*460 FACTS
Defendant was charged with initiating a series of obscene and harassing telephone calls to his victim, a female clerk working alone in a convenience store in the City of Baton Rouge. Beginning at approximately 11:00 p.m., defendant telephoned the store ten to twelve times. He began the first call by asking for the clerk by name; and he then made several obscene suggestions and asked questions of an intimate nature. The victim immediately asked him to stop questioning her and terminated the call. Defendant continued to telephone the store every few minutes. In some of the calls, he identified himself as "Greg" and asked the victim for a date while making offensive suggestions to her. Other calls consisted only of heavy breathing. The victim readily ascertained that she was not acquainted with the caller and attempted to determine the method by which he had learned her name. The caller refused to give her that information and continued to make obscene suggestions and breathe heavily into the receiver. During the eleventh call, defendant gave the victim a telephone number by which he could be reached. She contacted the East Baton Rouge Sheriff's Office, and a deputy was dispatched to the store. Defendant called again while the deputy was present. The victim asked defendant for his address, which he provided. The sheriff's office verified that address by comparing telephone records for the number he had previously given the victim. After requesting the victim to call the number, the deputies proceeded to the address the caller had given. While the deputies were inside the house, the victim called the number and recognized the voice of the man who answered the call as the initiator of the harassing and obscene calls. Defendant was arrested for improper telephone communication. After he was booked, defendant gave a statement in which he admitted having made the telephone calls but was unable to explain the purpose of his actions. He indicated that he did not know the victim, but had learned her name while making purchases in the store.

PROOF OF INTENT
In assignments of error one and four, defendant argues the evidence is not sufficient to support the verdict because the state failed to prove defendant possessed the intent to intimidate, harass or threaten the victim.
At the time of the instant offense,[2] La.R.S. 14:285 provided in pertinent part as follows:
§ 285. Telephone communications; improper language; harassment; penalty
A. No person shall:
(1) Engage in or institute a telephone call, telephone conversation, or telephone conference, with another person, anonymously or otherwise, and therein use obscene, profane, vulgar, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass another person.
(2) Make repeated telephone communications anonymously or otherwise in a manner reasonably expected to annoy, abuse, torment, harass, embarrass, or offend another, whether or not conversation ensues.
The bill of information filed herein specifically charges that defendant violated both of these paragraphs.
La.R.S. 14:285A(1) requires the specific intent to "coerce, intimidate, or harass another person." Specific intent may be proved by direct evidence, such as statements *461 by a defendant, or by inference from circumstantial evidence, such as a defendant's actions or facts depicting the circumstances. State v. Johnson, 461 So.2d 1273 (La.App. 1st Cir.1984). See also La.R.S. 15:445.
Viewed in the light most favorable to the state, the evidence presented was sufficient to convince a reasonable juror beyond a reasonable doubt that defendant possessed the requisite specific intent. La. C.Cr.P. art. 821. The victim testified that she asked defendant to stop questioning her, but he refused and repeatedly called back. The intent to intimidate her was demonstrated by defendant's refusal to tell her how he knew her name. The only evident purpose of the telephone calls to the victim which consisted of heavy breathing was to harass her.
Moreover, we note that defendant was conjunctively charged with making repeated telephone communications in a manner reasonably expected to annoy, abuse, torment, harass, embarass or offend another. See La.R.S. 14:285A(2). This paragraph does not require proof of intent. Where a statute has made it a crime to do a particular act, no further proof of intent is required than that the accused voluntarily did the act. La.R.S. 15:444; State v. Corkern, 461 So.2d 1238 (La.App. 1st Cir.1984). Defendant freely admitted that he made the telephone calls, which were made in a manner that could be reasonably expected to annoy, abuse, torment, harass, embarrass or offend the victim. This assignment of error has no merit.

EVIDENCE OF MENTAL CONDITION
In assignments of error two, three and four, defendant urges the verdict is not proper because he was afflicted with a mental defect which exempted him from criminal responsibility. In assignment of error number two, defendant urges the fact that he provided the victim with the means by which he could be identified illustrates that the defendant could not distinguish the difference between right and wrong and was not aware that he was committing a crime. In assignment of error number three, defendant argues that, because evidence was presented of his mental defect, the state was required to prove his sanity beyond a reasonable doubt. In assignment of error number four, defendant submits the verdict is erroneous because the state did not prove he was sane at the time of the offense, an essential element of the crime charged.
A legal presumption exists that the defendant is sane and responsible for his actions. La.R.S. 15:432. Insanity is an exculpatory fact which constitutes an affirmative defense. La.C.Cr.P. art. 652; State v. Thompson, 429 So.2d 862 (La. 1983). "The defendant has the burden of establishing the defense of insanity at the time of the offense by a preponderance of the evidence." La.C.Cr.P. art. 652; State v. Nealy, 450 So.2d 634 (La.1984); State v. Heath, 447 So.2d 570 (La.App. 1st Cir. 1984), writ denied, 448 So.2d 570 (La.App. 1st Cir.1984), writ denied, 448 So.2d 1302 (La.1984). If the circumstances indicate that because of a mental disease or mental defect the offender was incapable of distinguishing right from wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility. La.R.S. 14:14. In reviewing a claim of insufficiency of evidence with regard to a defense of insanity, the Louisiana Supreme Court has applied the test set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), to determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that defendant had not proved by a preponderance of the evidence that he was insane at the time of the offense. State v. Nealy, 450 So.2d at 639 citing Moore v. Duckworth, 443 U.S. 713, 99 S.Ct. 3088, 61 L.Ed.2d 865 (1979).
Defendant asserts in brief that the coroner, Dr. Hypolite Landry, stated he did not know whether or not defendant was unable to distinguish between right and wrong at the time of the offense. On cross-examination, *462 Dr. Landry stated that in his opinion the defendant was legally sane on the date of the commission of the offense. Dr. Landry also testified that he was unable to determine if defendant could have undergone a psychotic episode at the time of the offense, primarily because defendant had not provided information indicating that he had a history of psychosis. Nevertheless, Dr. Landry indicated that, while he believed defendant did have a personality disorder, the disorder did not affect his legal sanity.
Defendant seems to argue that evidence of his mental disorder demonstrates his legal insanity. The State of Louisiana does not recognize the doctrine of diminished responsibility. State v. Lecompte, 371 So.2d 239 (La.1978); State v. Burton, 464 So.2d 421 (La.App. 1st Cir.1985), writ denied, 468 So.2d 570 (La.1985). A mental defect short of legal insanity cannot serve to negate specific intent and reduce the grade of the crime. State v. Andrews, 369 So.2d 1049 (La.1979); State v. Burton, 464 So.2d at 427.
Defendant further argues the jury erred by refusing to find him not guilty by reason of insanity since evidence of his mental defect was presented. When a defendant pleads not guilty and not guilty by reason of insanity, the determination of his sanity at the time of the offense is a jury question. State v. Craig, 340 So.2d 191 (La. 1976). In criminal cases La. Const. art. V § 10(B) restricts the jurisdiction of this court to questions of law. We have previously reviewed the standards for evaluating evidence of defendant's sanity at the time of the offense. This assignment of error has no merit.
In his final assignment of error, defendant urges the evidence is not sufficient to sustain the conviction because the state failed to prove he was sane. As previously set forth, defendant bears the burden of proving he was insane at the time of the offense by a preponderance of the evidence. State v. Nealy, 450 So.2d at 638. We find the evidence supports the conclusion that defendant did not prove his insanity at the time of the offense. Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.
NOTES
[*] Judge Elven E. Ponder, Retired, has been assigned temporarily to this court by the Supreme Court of Louisiana to fill the vacancy created by the election of Justice Luther Cole to the Supreme Court.
[1] The Office of the Public Defender was originally appointed to represent defendant. On the date trial was to begin, private counsel, Mr. Johnney Wellons, enrolled. At sentencing, Mr. Wellons made an oral motion for appeal. The record does not reflect that the court reappointed the Public Defender for purposes of appeal. Nevertheless, that office filed four assignments of error. Thereafter, Mr. Wellons filed four different assignments of error and later filed a brief addressing those assignments. The assignments of error filed by the Office of the Public Defender were not briefed on appeal.
[2] La.R.S. 14:285 was amended in 1984 to provide that improper telephone communications, first offense, is a misdemeanor offense. Defendant was properly charged with a violation of the statute as it existed at the time of the offense, which was before the effective date of the legislation in 1984. See State v. Narcisse, 426 So.2d 118 (La.1983), cert. denied, 464 U.S. 865, 104 S.Ct. 202, 78 L.Ed.2d 176 (1983). In any event, testimony at the trial established that defendant had been convicted of the same offense twice previously, and thus his conduct was not affected by the creation of a misdemeanor offense.