514 So.2d 217 (1987)
STATE of Louisiana In the Interest of T.L.
No. 87-CA-238.
Court of Appeal of Louisiana, Fifth Circuit.
October 14, 1987.
*218 John M. Mamoulides, Dist. Atty., Andrea Price, James Weidner, Adrian F. Lapeyronnie, III, Asst. Dist. Attys., Gretna, for plaintiff-appellee.
James F. Quaid, Metairie, for defendant-appellant.
Before KLIEBERT, DUFRESNE and WICKER, JJ.
DUFRESNE, Judge.
This appeal arises from a Juvenile Dispositional Hearing which resulted in the trial court adjudicating the juvenile T.L., a delinquent, for violating LSA-R.S. 14:285.
In July 1986, three separate petitions were filed, alleging that the sixteen-year-old juvenile violated R.S. 14:285 in that she made harassing phone calls on October 19, 1985, November 14, 1985 and October 19, 1986. T.L. denied the allegations of the petitions. A hearing was conducted at which time the trial court took the case under advisement. On November 24, 1986, judgment was rendered adjudicating T.L. a delinquent. In her reasons for judgment, the trial court recited the facts to support a finding that the juvenile had made harassing calls on October 19, 1985. No adjudication as to the allegations of the other two petitions was made. T.L.'s Motion for a New Hearing was heard and denied. At the dispositional hearing on January 15, 1987, the trial court sentenced T.L. to six months in the custody of the Department of Corrections, suspended and T.L. was placed on inactive probation. T.L. was also ordered to make restitution by means of community service work.
The juvenile has appealed and contends that there was insufficient evidence to justify the verdict of the court.
We find no merit to this contention and affirm the juvenile's conviction and sentence.

FACTS
The victim in this case, Don Cottier, testified that he received numerous harassing calls between March of 1985 and January of 1986. The majority of the phone calls were "hang-up" calls. However, during some of the calls a girl would ask for one of his children. When he would question the girl as to how she obtained his unlisted number, she would reply that a friend gave it to her and then hang up the phone. Cottier testified that the voice in each call was that of the same girl although she gave several different first names, including T.L.'s first name.
Cottier further testified that on October 19, 1985, he received three hang-up phone calls. Cottier did not testify as to how many, if any, telephone calls he received on November 14, 1985.
Loriane Nodier, supervisor of the Annoyance Call Bureau testified that tracing equipment was placed on Cottier's telephone line from August 20, 1985 to August 29, 1985, and from October 10, 1985, to October 25, 1985. On October 19, 1985, two calls, one at 8:35 p.m. and one at 9:40 *219 p.m. were made from T.L.'s residence to the victim's house.
T.L.'s mother testified that on October 19, 1985, a birthday party for T.L. was held and four of T.L.'s friends were present. T.L. and each of her friends had access to the phone via an extension in T.L.'s bedroom. T.L.'s mother did not see her or anyone else use the phone. Mrs. L. also testified that she knew T.L. had called Mr. Cottier's number once to speak to his son and had been asked by Cottier not to call again. T.L. denied having made the calls.
ASSIGNMENTS OF ERROR NUMBERS 1, 2, 3, & 4
1. The record is devoid of any evidentiary material by the complaining witness, Don Cottier, of any listing of times of any phone calls to his residence.
2. The record is devoid of any evidentiary material by South Central Bell that any phone calls were made by appellant on any date to the complaining witness, Don Cottier.
3. The record is devoid of any circumstantial evidentiary material from which the court could draw any reasonable inferences of guilt of appellant.
4. The juvenile court, in its Reasons for Judgment, cited a case and drew conclusions therefrom which were inconsistent with the evidence and testimony of the witnesses present at the trial.
The basic argument of the listed assignments of error is that insufficient evidence exists to justify the verdict.
In assessing the sufficiency of evidence to support a conviction, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Captville, 448 So.2d 676 (La.1984). Where circumstantial evidence is used to prove the commission of the offense, La.R.S. 15:438 mandates that "Assuming every fact to be proved that the evidence tends to prove in order to convict, it must exclude every reasonable hypothesis of innocence." This is not separate from the Jackson standard, but rather a "helpful methodology for determining the existence of reasonable doubt." State v. Porretto, 468 So.2d 1142 (La.1985); State v. Captville, supra. Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, supra. See also State v. Langford, 483 So.2d 979 (La.1986).
Although juvenile proceedings are not "criminal cases", juveniles are entitled to due process of law, hence the same standard of proof as is required in an adult conviction is applicable. C.J.P. art. 73; State in re Cason, 438 So.2d 1130 (La.App. 2 Cir.1983); State in re Pigott, 413 So.2d 659 (La.App. 1 Cir.1982).
In this case the petition filed against T.L. indicates that she violated R.S. 14:285, which provides in pertinent part as follows:
Telephone communications; improper language; harassment; penalty
A. No person shall:
(1) Engage in or institute a telephone call, telephone conversation, or telephone conference, with another person, anonymously or otherwise, and therein use obscene, profane, vulgar, lewd, lascivious, or indecent language, or make any suggestion or proposal of an obscene nature or threaten any illegal or immoral act with the intent to coerce, intimidate, or harass another person.
(2) Make repeated telephone communications anonymously or otherwise in a manner reasonably expected to annoy, abuse, torment, harass, embarrass, or offend another, whether or not conversation ensues.
The statute sets forth two separate manners in which a person may make harrassing telephone conversations.
Under R.S. 14:285 A(1) the elements the state must prove are that a defendant:
1) Engaged or instituted a telephone call, telephone conversation, or telephone conference, with another person, anonymously or otherwise;

*220 2) used obscene, profane, vulgar, lewd, lascivious, or indecent language, or made any suggestion or proposal of an obscene nature or threatened any illegal or immoral act;
3) with the intent to coerce, intimidate or harass another person.
The necessary intent that the state must prove is that the defendant had the specific intent to harass the recipient of his calls. State v. Martin, 491 So.2d 458 (La. App. 1 Cir.1986).
The elements to be proved by the state in obtaining a conviction under R.S. 14:285 A(2) are that the defendant: 1) made repeated telephone communications anonymously or otherwise; 2) in a manner reasonably expected to annoy, abuse, torment, harass, embarrass, or offend another, whether or not conversation ensues. This portion of the statute does not require proof of specific intent. State v. Martin, supra.
The trial court, in its judgment, found the evidence sufficient to find T.L. in violation of R.S. 14:285 A(2). The state need only prove that T.L. made the phone calls to Cottier and that the calls were made in such a manner as to be reasonably expected to harass Cottier.
The state, in its petitions, also allege that T.L. had "the intent to coerce, intimidate and harass" Cottier. As was noted above, specific intent is not an element of the crime which the trial court found T.L. to have committed.
Evidence was introduced to show that T.L. was guilty of making harassing phone calls on October 19, 1985. Cottier had received numerous phone calls between March 1985 and January 1986; on those occasions when the caller would speak, she would identify herself by a female name (sometimes T.L.'s first name) and ask to speak to Cottier's child, two calls were made from T.L.'s residence to Cottier, and; T.L. had called Cottier's number once in the past to speak to Cottier's son at which time she was told not to call that unlisted number again.
The trial court concluded that the evidence was sufficient to find that T.L. made repeated telephone calls to the victim which were in violation of R.S. 14:285 A(2). In her extensive reasons for adjudicating T.L. a delinquent the trial judge outlined the specific violaions and the evidence supporting them.
Although we do find the evidence to be limited, we agree with the trial court that it is sufficient to support the finding that T.L. did violate R.S. 14:285 A(2).
Accordingly, we hold that the assignments of error lack merit and confirm the juvenile's conviction and sentence.
AFFIRMED.