560 So.2d 57 (1990)
STATE of Louisiana In the Interest of D.R.
No. 89-KA-727.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 1990.
*58 Jamie Veverica, Diana Adamski-Hall, Asst. Dist. Attys., Gretna, for plaintiff/appellee.
Martha E. Sassone, 24th Judicial Dist., Indigent Defender Bd., Gretna, for defendant/appellant.
Before GAUDIN, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
This appeal is from an adjudication of delinquency.
On February 13, 1989, the district attorney filed a petition seeking an adjudication of delinquency against D.R., the juvenile in these proceedings. The petition alleged a charge of simple criminal damage to property, in violation of LSA-R.S. 14:56. D.R. appeared before the court with legal counsel to answer the petition on March 9, 1989. At the time of that appearance, the state dismissed the petition alleging simple criminal damage to property, but filed a petition seeking to have D.R. adjudicated a delinquent on the basis of allegations charging him with simple escape, in violation of LSA-R.S. 14:110. That petition was amended by the state to allege attempted simple escape (LSA-R.S. 14:27:110). D.R. denied the allegations of the amended petition. On May 24, 1989, after a hearing, the juvenile court adjudged D.R. to be a delinquent as charged. The judge committed D.R. to the Louisiana Training Institute for eighteen months to run consecutively with the juvenile's pending commitment on a previous delinquency adjudication. The court granted a motion for an out-of-time appeal on September 28, 1989, which the state has not contested.
The proceeding now under review stems from an incident which occurred on February 9, 1989 at the Jefferson Parish Juvenile Court, where D.R. had been ordered to appear before the juvenile court for disposition of a pending delinquency adjudication. When he arrived in the court's public waiting area, D.R. began pacing around so nervously that the bailiff decided to place D.R. in the juvenile court's holding cell to prevent him from leaving the area. About ten minutes after the juvenile was placed in the holding cell, Nathaniel Williams, an assistant detention supervisor with the Department of Juvenile Services, talked to D.R. and noted the youth's hostile and aggressive conduct. D.R. told Mr. Williams that, if the court's disposition on the delinquency adjudication included commitment, he would rip out the microphones in the courtroom and attack anyone in the area. Upon hearing this, Mr. Williams and a bailiff handcuffed and placed D.R. in ankle shackles to preclude any violent behavior. When he appeared for disposition before the juvenile judge, D.R. was committed to the Louisiana Training Institute for six months. He then became physically violent and the juvenile officers had difficulty removing him from the courtroom to the holding cell. Once in the holding cell, D.R.'s violent behavior worsened. He began cursing, screaming and beating on the door of the cell with his fists. Finally, he hit and broke the window pane in the door.
Assignment of error number one.
The evidence presented at trial was insufficient to support the verdict rendered.
The appellant argues that the evidence presented at the adjudication hearing was not sufficient for D.R. to be adjudged a delinquent on the basis of attempted simple escape, in violation of LSA-R.S. 14:27:110. Simple escape, as it pertains to this case, is defined by LSA-R.S. 14:110 A(1) as:

*59 The intentional departure, under circumstances wherein human life is not endangered, of a person imprisoned, committed, or detained from a place where such person is legally confined, from a designated area of a place where such person is legally confined, or from the lawful custody of any law enforcement officer or officers of the Department of Public Safety and Corrections.
LSA-R.S. 14:27 A defines the "attempt" element of the violation against D.R.:
Any person, who having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
In a juvenile case, the state has the burden of proving, beyond a reasonable doubt, that the juvenile committed the act of delinquency alleged in the petition. L.C. J.P. art. 73. That burden of proof standard is no less strenuous than the proof standard required in a criminal proceeding against an adult. State in Interest of Tatom, 463 So.2d 35 (La.App. 5th Cir.1985). The due process standards announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) apply in evaluating the sufficiency of evidence to support an adjudication of delinquency in a juvenile matter. State in Interest of T.L., 514 So.2d 217, 219 (La.App. 5th Cir.1987). Under Jackson, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560.
The testimony adduced at the May 24, 1989 adjudication hearing established that the incident forming the basis of the charge against D.R. occurred on February 9, 1989, while he was being detained in the juvenile court holding cell after the court committed him to the Louisiana Training Institute. Although he was handcuffed and placed in ankle shackles, his behavior was extremely violent and aggressive. Nathaniel Williams, the juvenile detention officer in the holding cell at the time, testified that D.R. began screaming, cursing and hitting the door to the cell with his fists. It was during this apparent fit of uncontrollable rage that D.R. hit and broke the window in the cell door. Williams immediately grabbed D.R. and sought the assistance of a fellow officer in physically restraining D.R. from further violent conduct. The testimony concerning D.R.'s intent in breaking the window was equivocal, at best. Mr. Williams testified that D.R.'s escape from the holding cell occurred as a thought to him, although the juvenile did not mention an intent to escape. Williams explained that:
... he did mention after he broke the window that he was going to run his face through the broken door, the broken window door and that's what I was trying to stop him from doing.
. . . . .
... I think if I had not gotten away and pushed him out of the way a couple of times he probably would of run his face right through a glass.
D.R.'s only act suggestive of escape was his moving toward a steel door, which Williams thought he had locked.
The juvenile testified that he was not trying to escape. When asked why he broke the window he said:
Because the handcuffs were on me and I was hitting on the window hard saying let me out I want to go home and the window broke. The handcuffs was hitting it.
Our review of the testimony indicates that the evidence is insufficient to support a charge of attempted simple escape. Although D.R. might have been subject to a charge of simple criminal damage to property, in violation of LSA-R.S. 14:56, the state chose to dismiss the petition alleging such a charge. Viewing the evidence in this case in the light most favorable to the state, D.R.'s guilt beyond a reasonable doubt on the attempted simple escape *60 charge was not established and the evidence was therefore insufficient to support D.R.'s adjudication as a delinquent in this case.
Assignment of error number two.
The defendant also assigns as error any and all errors patent on the face of the record. Our review has revealed no patent errors.
For the reasons assigned above, the adjudication of D.R. as a delinquent based on the commission of a delinquent act alleged in the petition must be reversed and a judgment of acquittal entered.
REVERSED.