632 So.2d 5 (1994)
STATE of Louisiana In the Interest of K.W.
No. 93-KA-716.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1994.
*6 Harry Morel, Dist. Atty., Don Almerico, Asst. Dist. Atty., Hahnville, for plaintiff-appellee.
Mark A. Marino, Destrehan, for defendant-appellant.
Before KLIEBERT, C.J., and WICKER and GOTHARD, JJ.
KLIEBERT, Chief Judge.
This is an appeal from the Juvenile Court of St. Charles Parish. A thirteen year old male, identified as K.W., was adjudicated a delinquent for violation of LSA-R.S. 14:62, simple burglary; and LSA-R.S. 14:67, theft of more than $100.00 but less than $500.00, based on a petition filed by the State of Louisiana seeking to have K.W. adjudicated a delinquent on the following counts:

*7 COUNT ONE:
"On or about the 29th day of May, 1993, said youth did wilfully and unlawfully violate R.S. 14:62, did burglarize a 1976 Toyota Celica, Lic. # ADL558, belonging to Shawn Murray."

COUNT TWO:
"On or about the 31st day of May, 1993 said youth did wilfully and unlawfully violate R.S. 14:67, did commit theft of a value between $100.00 and $500.00. Victim: Cecile Jacob."

COUNT THREE:
"Further, in violation of R.S. 14:67, did commit theft of a value under $100.00. Victim: Tessie Cupp."
K.W. denied the allegations contained in the petition and the charges proceeded to an adjudication hearing. At the close of the State's case, defense counsel moved for a dismissal of the charges arguing that no competent evidence had been introduced to convict K.W. of the crimes. The trial judge granted the motion with respect to the allegations of theft of Tessie Cupp's purse (Count three); however, with regard to the remaining crimes (Counts one and two), the judge adjudicated K.W. delinquent as charged. K.W. was placed in the custody of the State until the age of 18 and ordered to undergo counseling. On appeal, K.W. contends the trial judge erred in its application of the rule of evidence in the adjudication hearings. The evidence submitted on each count was as hereinafter stated.

THE SIMPLE BURGLARY CHARGE (R.S. 14:62)COUNT ONE
On May 29, 1993, Deputy Paul Finn of the St. Charles Parish Sheriff's Office was dispatched to investigate an incident near the St. Charles Hospital Psychiatric Unit. Upon his arrival, at approximately 8:45 A.M., he observed two individuals restraining K.W. on the ground, approximately thirty-five feet from a 1976 Toyota automobile registered to Shawn Murray. The officer observed that the rear window on the passenger's side was broken out and the passenger side window was rolled down. He also observed glass inside and outside of the car. He was apparently informed that $2.00 in change was in the car prior to the alleged entry. He found the $2.00 in change in the possession of K.W.
The officer then took K.W. into custody. After K.W.'s father arrived at the police station, Officer Finn advised the juvenile of his rights. After Finn left the room, K.W. admitted, in the presence of another officer, Lieutenant Negrotta, that he broke the window and took the money out of the car. On cross examination, Officer Finn testified that he did not see the $2.00 in change prior to the car being broken into nor did he see the condition of the car prior to his arriving on the scene. He further admitted that he had no personal knowledge that K.W. tried to break into the vehicle. At the adjudication hearing, the State called the owner of the vehicle, Shawn Murray, and Officer Pam Negrotta as witnesses; however, they were not present when they were called and therefore did not testify.

THE THEFT CHARGE (R.S. 14:67)COUNT TWO
Deputy Derek Alexis of the St. Charles Parish Sheriff's Office testified that he was dispatched to a Winn-Dixie Store in Luling, La., to investigate an incident involving the taking of Cecile Jacobs' purse. Upon the officer's arrival, the manager of the Winn-Dixie Store informed him that they had K.W. detained and that K.W. had a purse tucked in his pants. In the course of talking to the suspect, K.W. advised the officer that he had taken the lady's purse. The officer then talked to Ms. Jacobs who informed him that she had $300.00 in her purse. When the officer questioned K.W. about the purse and the money, the juvenile informed him that he dropped it by some bushes near a cemetery next to the Winn-Dixie Store. K.W. then accompanied the officers to this location and located the purse; however, they were unable to find the money. On cross-examination, Deputy Alexis testified that he did not see K.W. with the purse. The information that he had regarding the snatching of the purse was based on information he received from another party. The alleged victim, Cecile Jacobs, did not testify.
On cross-examination by defense counsel and pursuant to questioning by the court, Officer Alexis testified that he did not advise K.W. of his rights prior to asking him about *8 the incident at the scene; however, the juvenile was subsequently advised of his rights in the presence of his grandmother when he was brought to the First District Police Station. Thereafter, he apparently made a subsequent statement in which he admitted taking the lady's purse. He claimed that the lady had food stamp money in her purse, he put the money back in the purse and tucked it in his pants.

ANALYSIS
All rights guaranteed to criminal defendants by the Constitution of the United States or the Constitution of Louisiana, except the rights to jury trial, shall be applicable to juvenile court proceedings. LSA-Ch.C. Article 808.
The adjudication hearing in delinquency proceedings shall be conducted according to the provisions of the Code of Evidence applicable to criminal cases. The child shall not be required to testify and evidence obtained in violation of the child's rights under the Constitution of the United States and the Constitution of Louisiana shall not be admitted over objection. LSA-Ch.C. Article 881. In order for the court to adjudicate a child delinquent, the State must prove beyond a reasonable doubt that the child committed a delinquent act alleged in the petition. LSA-Ch.C. Article 883.
The due process standards announced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), apply in evaluating the sufficiency of evidence to support an adjudication of delinquency in a juvenile matter. Under Jackson, the reviewing court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. State in Interest of D.R., 560 So.2d 57 (La.App. 5th Cir.1990); State in Interest of Tatom, 463 So.2d 35 (La.App. 5th Cir.1985).
In State v. Hearold, 603 So.2d 731 (La. 1992), the Louisiana Supreme Court stated:
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) in the light most favorable to the prosecution, could not reasonably conclude that all of the essential elements of the offense have been proved beyond a reasonable doubt. [footnote omitted] When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime would be pure dicta since those issues are moot.
On the other hand, when the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. If the reviewing court determines there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial, but is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).
Thus, here it is first necessary to consider whether the entirety of the evidence, whether admissible or inadmissible, was sufficient to support the juvenile's adjudications.
As previously stated, K.W. was adjudicated delinquent of simple burglary, LSA-R.S. 14:62, and theft of a value between $100.00 and $500,00, LSA-R.S. 14:67.
LSA-R.S. 14:62 defines simple burglary as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any *9 theft therein, other than as set forth in Section 60.
Thus, in order to convict the defendant of simple burglary, the State must have proven beyond a reasonable doubt that the defendant, without authorization, entered the victim's car, with the specific intent to commit a felony or any theft therein. State v. Torres, 470 So.2d 319 (La.App. 5th Cir.1985). Circumstantial evidence can be used to show that an unauthorized entry occurred. LSA-R.S. 15:438; State v. Torres, supra.
Although the question of intent is a fact question, it need not be proved as a fact; it may be inferred from the circumstances of the transactions surrounding the commission of the crime. State v. George, 466 So.2d 678 (La.App. 5th Cir.1985).
To support K.W.'s adjudication for burglary, the State offered the testimony of Deputy Paul Finn. His testimony indicated that he had no personal knowledge concerning the alleged burglary. Despite the objection of defense counsel, the trial court allowed the officer to testify as to facts beyond his personal knowledge. Officer Finn further testified that once he took the juvenile into custody, he advised him of his rights in the presence of the juvenile's father. No attempt was made to introduce any alleged written statement into evidence. No attempt was made by the State to show that the alleged statement was freely and voluntarily given, and not made under the influence of fear, duress, intimidation, menaces, threats, inducements or promises. LSA-R.S. 15:451.
It is well settled that an accused party cannot be legally convicted on his own uncorroborated confession without proof that a crime had been committed by someone; in other words, without proof of the corpus delicti. State v. Cruz, 455 So.2d 1351 (La. 1984); State v. Joseph, 454 So.2d 237 (La. App. 5th Cir.1984).
In the present case, the testimony of Officer Finn as to the juvenile's confession to another officer was hearsay because it was used to prove the truth of the matter asserted, namely, the fact that the juvenile entered the car and took some money. Hearsay is not admissible except as otherwise provided by the Code of Evidence or other legislation. LSA-C.E. Article 802.
The testimony of Officer Finn, including the hearsay evidence and the alleged confession of K.W., is sufficient to support a conviction, when viewing the evidence in the light most favorable to the prosecution. However, absent the hearsay evidence and the alleged confession, there was insufficient evidence to support a conviction of simple burglary. The inadmissible evidence clearly contributed to the verdict. Therefore, the defendant is entitled to a new trial.
K.W. was also charged with theft of a value between $100.00 and $500.00. The offense of theft is defined in LSA-R.S. 14:67 as follows:
A. Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject to the misappropriation or taking is essential.
In order for the defendant's conviction on the theft charge to be upheld on appeal, the State must have proven the following essential elements beyond a reasonable doubt: (1) that the defendant misappropriated or took; (2) a thing of value; (3) that belonged to another; and (4) that the defendant had the intent to deprive the owner permanently of that which was misappropriated or taken. State v. Pittman, 368 So.2d 708 (La.1979). The State must further have proven the value of the stolen property, for upon this proof depends the determination of the severity of the theft, and the punishment for a convicted offender. State v. Bourg, 470 So.2d 291 (La.App. 5th Cir.1985), writ denied, 475 So.2d 354 (La.1985).
The evidence used by the State to prove the theft charge consisted of both properly admitted evidence and improperly admitted hearsay evidence. When we review all the testimony, both admissible and inadmissible, as mandated by State v. Hearold, supra, the evidence was sufficient to prove *10 beyond a reasonable doubt that K.W. committed a theft of a value between $100.00 and $500.00.
The testimony of Deputy Alexis as to what he was told by the manager at the Winn-Dixie and the victim was clearly hearsay, since it was offered to prove the truth of the matter asserted, namely that K.W. took a purse from the victim which contained $300.00. Without the inadmissible evidence, there was insufficient evidence to support a conviction and the inadmissible evidence clearly contributed to the conviction.
Accordingly, we find that without the inadmissible evidence, there was insufficient evidence to support the convictions. We therefore vacate the decision of the trial court and remand this matter for a new trial.
VACATED AND REMANDED.