633 So.2d 783 (1994)
STATE of Louisiana
v.
Steven AUGUSTUS.
No. 93-KA-406.
Court of Appeal of Louisiana, Fifth Circuit.
February 23, 1994.
Dorothy A. Pendergast, Alan J. Green, Dist. Atty's Office, Gretna, for plaintiff/appellee, State of La.
Philip E. O'Neill, Mark Burton, Gretna, for defendant/appellant, Steven Augustus.
Before KLIEBERT, BOWES and CANNELLA, JJ.
BOWES, Judge.
Defendant, Steven Augustus, appeals his conviction for the crime of simple burglary, a violation of LSA-R.S. 14:62, infra. We affirm as follows.

PROCEDURAL FACTS
Defendant was charged by a bill of information with having committed the crime of simple burglary on December 8, 1990. At the trial of the matter, the case was submitted to the court, by stipulation of counsel, on the basis of the police report and a voluntary statement made by the defendant, and various photos of the crime scene; no testimony was taken. Following submission of the case to the court, after the defendant waived his right to a trial by jury, the court considered the evidence and found the defendant guilty as charged. He was later sentenced to imprisonment at hard labor for a term of six years.

ANALYSIS
LSA-R.S.14:62 reads as follows:
Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60.
Whoever commits the crime of simple burglary shall be fined not more than two thousand dollars, imprisoned with or without hard labor for not more than twelve years, or both.
*784 The police report reads, in pertinent part, as follows:
On Saturday, December 8, 1990, at approximately 7:55 p.m., Special Agents Glenn Grannan and Paul Miller of the Union Pacific Railroad were conducting a surveillance at their business office located at 5245 River Road Avondale, Louisiana since numerous auto thefts and burglaries had been occurring at that particular location. The said agents were inside Glenn Grannan's parked 1979 Dodge van, Louisiana license plate # T098545, when they observed a black male, later identified as Steven Augustus, approaching their vehicle in the rear of the parking lot.
After Augustus used a screwdriver to break open the front driver's side window, the named occupants hid behind the vehicle's front seats. When the perpetrator entered the victim's vehicle and sat in the driver's seat, the agents attempted to apprehend him. The subject struck victim Grannan with his fist and fled on foot but was apprehended seconds later by the agents. Steven Augustus was then detained inside the Union Pacific Railroad office by the named agents who contacted Detective Gregory Noble of the Jefferson Parish Sheriff's Office, assigned to the Burglary/Theft Unit, for assistance.
The defendant's voluntary statement made to Agent Miller reads, again in pertinent part, as follows:
Q. Will you relate in your own words the circumstances relative to your arrest on August 8, 1993 by the Union Pacific Railroad.
A. About 7:00 or 8:00 o'clock tonight I met Stanley and a guy name Black at the Tuckers Grocery Store. They asked me if I wanted to make $50.00 by just braking [sic] in a auto vehicle. So I said yea and we went to the railroad and was dropped off and I broke the glass to the van. Then I was arrested by two Officers.
Q. Who dropped you off at the railroad?
A. Stanley and Black.
Q. What did you use to break the glass on the van?
A. A screwdriver.
Q. Where did you get the screwdriver from?
A. I got it from Black's house after we left the Tuckers grocery store.
Q. What type of vehicle were you in and who was driving?
A. Stanley was driving a, I think 1974 green Chevy Impala.
Q. Who does this car belong to?
A. Stanley or his brother.
Q. Were you going to steal the van?
A. No. I was just told to break the glass and come back to them.
Q. Where were you supposed to meet Stanley and Black?
A. By Phillips Grocery Store on River Road, La. 18.
Q. Who asked you to break the glass?
A. Both of them but Black asked me first.
Q. Did Stanley or Black tell you what car to break into?
A. Stanley said to break the glass on the van because it looked like a chevy.
Q. How were you going to receive the $52.00 that Stanley and Black said that they were going to give to you.
A. I was going to meet with them by Black's House.
Q. Do you know what Stanley and Black was going to do with the van?
A. I know that one of them was going to steal the van and was going to bring it back to Black's house.
Q. What was going to happen after the van got to Black's house?
A. I don't know. They were probably going to pull it in Black's garage and strip it. I think they got a lot of stolen stuff in there.
Q. What type of stolen items do you think Black may have in his garage?
A. Car things, batteries and tires and things.
Defendant assigns as error the following:
1) That the state failed to prove Steven Augustus guilty of each element of the offense charged beyond a reasonable doubt; and 2) *785 That the trial court erred in accepting speculation about the defendant's intent, outside of the evidence, thereby relieving the state of its burden of proving each element of the crime charged beyond a reasonable doubt. In essence, the defendant contends that the evidence was insufficient to support his conviction for simple burglary.
The standard for testing the sufficiency of the evidence has been set forth by the Supreme Court in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979) as follows: "[T]he relevant question is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."
Thus, in order to support the conviction for simple burglary, the prosecution had the burden of proving, beyond a reasonable doubt, that (1) defendant entered the vehicle; (2) that the entry was unauthorized; and (3) that the defendant had the intent to commit a felony or any theft. LSA-R.S.14:62, supra.
Defendant concedes that his statement and the evidence adduced through the police report proves that there was unauthorized entry into a vehicle. The thrust of his argument on appeal is that the state failed to prove the essential element of intent to commit a felony. We find that the court correctly determined that all the necessary elements, including intent, were proven beyond a reasonable doubt.
Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. Bonck, 613 So.2d 1125 (La.App. 5 Cir.1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard, supra. State v. Huizar, 414 So.2d 741 (La.1982); State v. Bonck, supra.
In the present case, we find that the inference drawn by the trial court of defendant's intent was reasonable. Here, the defendant broke into a vehicle which did not belong to him and did so without authorization. Additionally, according to the police report, defendant got into the vehicle and sat in the driver's seat. While the statement given by the defendant does not include this latter piece of information, neither do we find the statement and the report obviously contradictory. Even if there was contradiction, it is not the function of the appellate court to evaluate credibility and overturn the trial court on its factual determination of guilt. State v. Richardson, 425 So.2d 1228 (La. 1983); State v. Thomas, 604 So.2d 52 (La. App. 5 Cir.1992).
Moreover, the action of the defendant in entering the vehicle and sitting in the driver's seat is inconsistent with his statement in which he claims he was "... just told to break the glass and come back to them." We find this case to be easily distinguishable from State v. Jones, 426 So.2d 1323 (La.1983) in which the court found that the statement of the defendant that he was sick and needed medical treatment (apparently for mental illness) was consistent with the victim's testimony and other evidence.
In the present case, there was no reasonable explanation as to why the defendant entered and sat in the van if his intent was merely to break the glass. As we said in State v. Pierce, 450 So.2d 730 (La.App. 5 Cir.1984), "When the evidence is viewed in the light most favorable to the prosecution, it is difficult to imagine any hypothesis that does not include the specific intent to commit a felony or a theft therein at the time the appellant made his unauthorized entry of the van." Supra, at p. 731.
The facts of State v. Pierce, supra, are very similar to those in the present case. There the defendant was seen tampering with the door of a vehicle, then entered the car and moved around in it. He carried a screwdriver as well as a bent coathanger, and there was no evidence that anything had been taken; the conviction was affirmed. See also State v. LaGarde, 513 So.2d 396 (La.App. 4 Cir.1987).
For the foregoing reasons, we find that the trial court was correct and drew a reasonable reference in its finding that the actions of the *786 defendant manifested an intent to commit a theft of, or within, the vehicle in question. Accordingly, we are of the opinion that the assignments of error are without merit.

ERROR PATENT ANALYSIS
We have reviewed the record for errors patent in accordance with guidelines in State v. Oliveaux, 312 So.2d 337 (La.1975) and find none.

DECREE
For the foregoing reasons, the conviction of the defendant is affirmed.
AFFIRMED.