420 So.2d 1126 (1982)
STATE of Louisiana
v.
Robert GRAHAM.
No. 82-KA-0143.
Supreme Court of Louisiana.
October 18, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James David Caldwell, Dist. Atty., George F. Fox, Jr., Asst. Dist. Atty., for plaintiff-appellee.
Samuel Thomas, Tallulah, for defendant-appellant.
DAVID R.M. WILLIAMS, Justice Pro Tem.[*]
Defendant, Robert Graham, was convicted, after a trial by jury, of second degree murder, in violation of La.R.S. 14:30.1. He was sentenced to life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. He assigns one error on appeal alleging insufficiency of the evidence and urges reversal of his conviction and sentence. Our careful examination of the record reveals that defendant's assignment of error lacks merit and we affirm.
The defendant was indicted and convicted in the stabbing death of a lounge patron in Lake Providence, Louisiana. The incident occurred in the entranceway to a nightclub *1127 crowded with customers, as the victim and his date were leaving the nightclub. The defendant was inside the club when a quarrel arose, between his brother, who was standing at the door, and the decedent, over the inappropriate touching of decedent's date. The defendant came over from the bar and voluntarily joined in the argument, presumably in defense of his brother. At first, defendant merely had words with decedent, but this argument soon escalated to an exchange of punches between the decedent and defendant. Defendant's brother was no longer involved. The record indicates defendant was struck down at least twice during the argument and upon arising the second time, got up swinging a knife, stabbing decedent who later died from the wound inflicted. The next morning defendant learned that decedent had been killed and that a friend was being held in connection with the death. Defendant went to the Sheriff's office in Lake Providence to turn himself in. Defendant confessed to having stabbed the decedent and when questioned about the knife used in the homicide, he was able to tell the authorities exactly where to find it. Defendant was convicted of second degree murder and alleges there was insufficient evidence to support the verdict. We disagree.
INSUFFICIENCY OF THE EVIDENCE
The present standard by which the sufficiency of the state's evidence is determined was set forth by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560, rehearing den. 444 U.S. 890, 100 S.Ct. 195, 62 L.Ed.2d 126 (1979). We have also adopted this standard as expressed in State v. Straughter, 406 So.2d 221 (La.1981); State v. Campuzano, 404 So.2d 1217 (La.1981) and State ex rel Ross v. Blackburn, 403 So.2d 719 (La. 1981).
In reviewing a case to determine whether the evidence supports a conviction, the standard set forth, in Jackson, supra, requires this court to examine the record to determine if, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Hicks, 395 So.2d 790, 797 (La.1981).
Defendant contends that there is insufficient evidence to sustain his conviction for second degree murder under the Jackson standard. In this regard, Jackson dictates that a defendant's challenge against the sufficiency of the evidence is judged by determining whether a rational jury, after construing the evidence in light most favorable to the state, could find proof of guilt beyond a reasonable doubt.
Second degree murder, in Louisiana (La. R.S. 14:30.1), is defined as:
Second degree murder is the killing of a human being;
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated rape, aggravated arson, aggravated burglary, aggravated kidnapping, aggravated escape, armed robbery, or simple robbery, even though he has no intent to kill or to inflict great bodily harm.
Whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
Specific intent, as a key element of second degree murder, is defined as:
* * * * Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. * * * (La.-R.S. 14:10(1))
However, specific intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of defendant. State v. Boyer, 406 So.2d 143, 150 (La.1981); State v. McDermitt, 406 So.2d 195 (La.1981); State v. Williams, 383 So.2d 369 (La.1980); State v. Garner, 241 La. 275, 128 So.2d 655 (La.1961). The evidence does *1128 not show defendant in danger of great bodily harm himself nor of passionately stepping into the fray to defend his brother. What the evidence does show is defendant joining the argument as an aggressor, stabbing the decedent and defendant's prior record of other convictions of assault, battery and other violence. We think it quite reasonable for the jury to infer from the circumstances the guilt of defendant.
Specific intent is an ultimate legal conclusion to be resolved by the fact finders. State v. LeCompte. 371 So.2d 239, 243 (La.1979). The defendant was tried by a twelve member jury of his peers. The jury returned a verdict of guilty as charged. Since the jury is the ultimate trier of fact, they have necessarily reached a conclusion that specific intent was present, along with all of the other elements, for second degree murder. We find that this conclusion is within the jury's discretion. The discretion of the jury should be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. State v. McKeever, 407 So.2d 662, 665 (La. 1981); and Jackson v. Virginia, supra.
We hold that the verdict of guilty of second degree murder is clearly supported by the evidence in this case. An eye-witness to the killing testified at trial (R.Tr.P. 155-161) that she saw defendant stab the decedent; and that she saw the decedent leave the bar and fall at the foot of the steps. Another witness at trial testified (R.Tr.P. 147-148) that she helped decedent walk from the foot of the steps as he uttered to her, "I'm cut y'all" (R.Tr.P. 156). The victim subsequently died of a stab wound later that night. Defendant himself confessed to having stabbed the decedent (R.Tr.P. 62 and State Exh. No. 2 & 3). A rational trier of fact could certainly have found from this evidence that defendant had the specific intent to kill or commit great bodily harm and that the state has proven these essential elements of the crime of second degree murder beyond a reasonable doubt (La.R.S. 14:30.1).
The evidence also shows that defendant swung at and stabbed the decedent with a knife, who had not, during the argument, attacked defendant with any weapon. A rational trier of fact could have found, beyond a reasonable doubt, that based on this evidence, the defendant did not kill the victim in self defense, but rather in a manner sufficient to constitute second degree murder. The evidence further shows defendant interfered in a purely vocal quarrel between decedent and defendant's brother. There was no cause for defendant to interfere. He became the aggressor and ultimately asked for the beating he received at the hands of the victim. By pulling a knife and slashing the decedent, defendant dramatically escalated the seriousness of the incident to the point of no return. It is reasonable for the jury to conclude that there was no evidence in the record to show that defendant had drawn the knife in the "heat of blood". Moreover, we think the jury properly found that defendant had formed the requisite specific intent when he drew the knife, and this may be inferred from the overwhelming evidence. State v. McDermitt, 406 So.2d 195, 202 (La.1981).
For the reasons set forth above, we affirm the conviction and sentence.
AFFIRMED.
LEMMON, J., concurs.
NOTES
[*] Judges Charles R. Ward, Jr., William H. Byrnes, III and David R.M. Williams of the Fourth Circuit Court of Appeal participated as Associate Justices Pro Tempore in this decision with Chief Justice Dixon and Associate Justices Marcus, Blanche and Lemmon.