DOMENGEAUX, Judge.
The defendant, St. Louis Dunbar, was charged by bill of information with the crime of simple burglary, in violation of La.R.S. 14:62. On December 14, 1983, defendant was tried by a six member jury. He was found guilty of attempted simple burglary. The court sentenced the defendant to serve six years at hard labor. Defendant now appeals on the basis of one assignment of error.
FACTS
At around 12:30 A.M. on August 13, 1983, police officer Calvin Fontenot responded to a dispatch that an alarm had gone off at Mufflers & Shocks, Inc. in Opelousas, Louisiana. Also in the patrol car was a passenger, Craig Ortego, to whom Sgt. Fontenot was giving a ride because Ortego’s car had stalled. When the two men arrived at the scene, the alarm was still sounding. A few minutes later, auxiliary policeman Dartez arrived at the scene. There were night lights in the building and Sgt. Fontenot observed the' defendant inside the building. When Mr. Dunbar came near the window through which the officer was observing him, Sgt. Fontenot ordered him to freeze. Defendant put his hands up and proceeded toward the front of the building, breaking into a run despite Sgt. Fontenot identifying himself as a police officer and ordering the suspect to stop. Dunbar then leaped through a plate glass window in the front of the building, stumbled, got up and was tripped by Craig Ortego. Defendant was subdued and handcuffed in the middle of Landry Street. Inside the building a coke machine had been broken into and the change box emptied.
*141 ASSIGNMENT OF ERROR
In this assignment of error, the defendant alleges that the verdict is contrary to the law and the evidence because the state failed to prove defendant’s guilt beyond a reasonable doubt.
In State v. Mathews, 375 So.2d 1165 (La. 1979), the Louisiana Supreme Court adopted the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), for reviewing the sufficiency of the evidence required to support a criminal conviction. That standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1]
The Jackson standard is used when a conviction involves direct or direct and circumstantial evidence. State v. Hebert, 444 So.2d 228 (La.App. 1st Cir.1983); State v. Washington, 421 So.2d 887 (La.1982).
Simple burglary is defined in La.R.S. 14:62 as
“Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, ...”
La.R.S. 14:27 defines an attempt:
“A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
B. Mere preparation to commit a crime shall not be sufficient to constitute an attempt; ...”
According to the comments of La.R.S. 14:27, an attempt requires an overt act, that is an act which tends directly towards the commission of the crime, and which will apparently result in its commission unless frustrated by extraneous circumstances.
In order to be found guilty of attempted simple burglary, a person must have had the specific intent to enter a structure without authorization, with the specific intent to commit a felony or any theft therein. State v. Marcello, 385 So.2d 244 (La.1980); State v. Walker, 328 So.2d 87 (La.1976).
Specific criminal intent is defined in La. R.S. 14:10 as:
“(1) Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act.”
Specific intent need not be proven as a fact. It may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So.2d 1126 (La.1982).
In the instant case three eyewitnesses saw the defendant inside the building after the alarm went off. Austin Mathews, manager and part owner, testified that neither he nor anyone else in authority had given Dunbar permission to enter Mufflers & Shocks, Inc. Therefore, defendant’s entry was unauthorized. Defendant’s entering the building is more than an act tending directly toward the commission of the crime; it is an essential element of the crime itself.
In order to be found guilty of attempted simple burglary it must also be shown that defendant had the requisite specific intent to commit either a felony or theft at the time of his unauthorized entry. State v. Marcello, supra.
*142 La.R.S. 14:67 defines a theft, in pertinent part:
“Theft is the misappropriation or taking of anything of value which belongs to another, ... without the consent of the other.... An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.”
Mr. Mathews testified that the door to the coke machine had been forced open and the change box emptied, although the change box usually contained eight to ten dollars worth of change. The manager testified that he had not given Mr. Dunbar permission to remove change from the box. However, there was no testimony concerning whether any change was found in the defendant’s possession.
When the defendant saw the police, he leaped through a plate glass window, ran, and struggled until he was subdued. While an individual’s flight does not in and of itself indicate any guilt, it can be considered as circumstantial evidence that one has committed an offense. State ex rel. Womack v. Blackburn, 393 So.2d 1216 (La. 1981).
From the above facts, including defendant’s running away, it can be inferred that defendant entered the building with the specific intent to commit a theft therein.
The defendant argues that the testimony of the state’s witnesses is unbelievable and conflicting. It appears to be totally irrelevant to the case whether or not the auxiliary policeman drove 14½ blocks in one minute. Likewise, it does not appear to be relevant whether or not Mr. Ortego pretended to have a weapon or said “freeze”. In any event, “[i]t is the role of the fact-finder to weigh the respective cred-ibilities of the witnesses, and this court will not second-guess the credibility determinations of the trier of fact beyond our sufficiency evaluations under the Jackson standard of review.” State ex rel Graffagnino v. King, 436 So.2d 559 (La.1983).
Applying the Jackson test, when viewed in the light most favorable to the prosecution, the evidence in the record is sufficient to support the jury’s finding that defendant committed attempted simple burglary. Consequently, this assignment of error lacks merit.
For the above and foregoing reasons the judgment of the district court is affirmed.
AFFIRMED.

. Although reviewing courts are obligated to follow the Jackson standard as mandated by the Louisiana Supreme Court, the author of this opinion has expressed opposition to this standard because it relegates the reviewing power of the appellate courts to nothing more than "second guessing” the triers of fact. See my concurring and dissenting opinions in State v. Gatson, 434 So.2d 1315 (La.App. 3rd Cir.1983); State v. Anderson, 440 So.2d 205 (La.App. 3rd Cir.1983); and State v. Bryan, 454 So.2d 1297 (La.App. 3rd Cir.1984).