539 So.2d 866 (1989)
STATE of Louisiana
v.
Willie J. JONES.
No. KA-5734.
Court of Appeal of Louisiana, Fourth Circuit.
February 16, 1989.
*867 Harry F. Connick, Dist. Atty., Susan Kreston, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Bryan Pedeaux, New Orleans, for defendant-appellant.
Before SCHOTT, C.J., and ARMSTRONG and PLOTKIN, JJ.
SCHOTT, Chief Judge.
Defendant was convicted of being a convicted felon in possession of a firearm (R.S. 14:95.1) and sentenced to four years at hard labor, a fine of $1,000 and six months in Parish Prison in default of payment of the fine.
On October 16, 1982 police officers McCaffery and Kopacz received a call that a man was waving a gun near Magazine and Austerlitz Streets in New Orleans. When they arrived at this location they saw the defendant nearby who matched the description they had received. As they approached him they noticed a bulge or protrusion at the left side of his belt, and upon searching him they found under his shirt a loaded pistol in a holster strapped to his belt. They also found ten bullets in his pocket. They originally charged him with carrying a concealed weapon but amended the charge upon learning that defendant was a convicted felon.
Defendant, his fiancee, Rosa Shaw, and a friend offered a different version of the facts: Rosa was making a telephone call at a booth near Magazine and Austerlitz Streets when three men approached her and tried to force her into their automobile. Resisting, she succeeded in taking her pistol from its holster inside her purse. In the meantime she sent her child to fetch the defendant who was nearby. When he saw that Rosa was holding a gun on the men he ran toward her shouting to her to hold them. At this point the three men fled in the car. At defendant's suggestion, Rosa began calling the police and in some way the contents of her purse, including the pistol now returned to its holster, fell to the ground. Defendant began to pick up the items and had the holstered pistol in hand when a police car passed. He flagged it down and the officers got out and arrested him.
By his first and second assignments of error defendant complains that the trial court unduly restricted his cross examination of the police officers and improperly allowed the jury to take documents into the jury room. The former complaint is based upon speculation and is not supported by the record. Pointing to testimony that the officers became annoyed with Rosa Shaw and other onlookers when they were dealing with defendant, he speculates about some connection between this incident and the murder of a police officer named Gregory Newport at another time and place. The record does not reflect any curtailment of cross examination on this subject. Neither does the record reflect that the jury *868 took any documents into the jury room and defendant does not even suggest what the documents were. These assignments are without merit.
By his fourth assignment defendant argues that the trial court erred in failing to instruct the jury that self-defense is a valid defense to the charge of being a convicted felon in possession of a firearm. In a related argument he asserts that he could not obtain a transcript of the jury instructions and is thereby being deprived of meaningful appellate review.
The legal basis for his argument is the holding in State v. Blache, 480 So.2d 304 (La.1984) that self-defense or defense of others may provide a defense to a charge of felon in possession of a firearm. However, the holding is subject to this limitation:
".... when a felon is in imminent peril of great bodily harm, or reasonably believes himself or others to be in such danger, he may take possession of a weapon for a period no longer than is necessary or apparently necessary to use it in self-defense, or in defense of others...."
When the defendant's version of the facts of this case are accepted without qualification they fail to meet the above test. By the time defendant was flagging down the police car and was found in possession of the pistol the three assailants had fled the scene. He had taken possession of the weapon after they left and while he was collecting the contents of Rosa's purse. There is no evidence or testimony that he was defending himself or Rosa when he was in possession of a weapon. The law on self defense was inapplicable to the case and had no place in the jury charge. C.Cr.P. art. 802(1).
The predicate conviction for defendant's present conviction occurred in 1978. Pursuant to C.Cr.P. art. 893 E this conviction was set aside after the defendant's probation was concluded. By his next assignment of error defendant argues that this conviction cannot be used as a predicate for the present offense since it was set aside. However, the article provides that while this procedure provides the same effect as an acquittal in other respects it shall still be considered a first offense for purposes of any law relating to cumulation of offenses.
By his fifth assignment defendant contends that he could not form the specific intent to commit the crime charged because during the expungement procedure relating to the previous offense he was informed by that trial judge that the matter was removed from his record. First, we note that a violation of R.S. 14:95.1 does not require specific intent but only general intent. State v. Godeaux, 378 So.2d 941 (La.1979). Second, for the state to obtain a valid conviction of the offense it must prove only that the defendant possessed a firearm and that he was a convicted felon. The evidence was sufficient to enable the jury to find that both of these elements were established beyond a reasonable doubt. More specifically the evidence from the police officers was sufficient for the jury to conclude beyond a reasonable doubt that defendant intentionally possessed the firearm.
In our review of the record for errors patent we have noted that the extra jail time imposed upon defendant in default of his payment of the fine is illegal because as an indigent he was allowed to take his appeal in forma pauperis. State v. Holmes, 516 So.2d 184 (La.App. 4th Cir. 1987). The sentence will be amended to delete the provision for extra jail time.
Accordingly, the conviction and sentence are affirmed but the sentence is amended to delete the imposition of the additional six months in Parish Prison in default of payment of fine.
CONVICTION AFFIRMED.
SENTENCE AMENDED.