613 So.2d 1125 (1993)
STATE of Louisiana
v.
Lucien BONCK.
No. 92-KA-808.
Court of Appeal of Louisiana, Fifth Circuit.
February 10, 1993.
Rehearing Denied March 17, 1993.
*1126 Dorothy A. Pendergast, Robert Grant, Dist. Attorney's Office, Gretna, for plaintiff/appellee, State of Louisiana.
John D. Rawls, Indigent Defender Bd., Gretna, for defendant/appellant, Lucien Bonck.
Before KLIEBERT, C.J., and BOWES and WICKER, JJ.
BOWES, Judge.
Defendant/appellant, Lucien Bonck, appeals his conviction of a violation of LSA-R.S. 14:27 and 14:62, attempted simple burglary. We vacate the conviction and remand the matter for retrial as follows hereinafter.

FACTS
On Saturday, November 9, 1991, Patricia McDowell was working inside her office located in Hebert Building 1, on Huey P. Long Avenue. At a little past noon, Ms. *1127 McDowell heard a loud knocking on the back door of the building. She flipped on the back light, looked through a small window on the top of the back door and "saw two men, with their backs to her, running across the street on Third Street in Hebert parking lot." The men were running towards an old green car which was parked right next to her van.
Afraid to go out, Ms. McDowell watched the men through the small window on the top of the back door for about ten minutes. She observed the men get into their car, back up, circle the Hebert parking lot, and then park next to her van again. When she saw the two men get out of their car and proceed to the building, she ran into her office and waited. She heard more knocking and then a sound "like nails coming out of the back door" as though someone was trying to take the door apart.
At this point, McDowell called 911 and told the operator that someone was trying to get into the office building. She was instructed to stay there, that the police were only two blocks away, and would get them.
Officer Mark Soileau of the Gretna Police Department responded to the call of a burglary in progress. Upon his arrival, he observed a white male subject on the west rear corner of the building and a second subject standing in the west rear doorway of the building. Officer Soileau detained both of these individuals. He identified defendant Bonck in court at the trial as the person standing near the rear west door of the building. A third subject was found in the rear seat of the vehicle. At the scene, Officer Soileau also observed that the door frame had been broken and that there were pry marks around the lock mechanism of the door. A tire iron was located approximately two feet from the damaged door. Ms. McDowell looked through the window for the officer and identified the two suspects, Bonck and Robert Scott, as those she had seen earlier by the door.
The perpetrators were thereafter transported to Jefferson Parish Correctional Center where they were formally arrested. As part of an inventory search of defendants after their arrest, eleven Coca-Cola vending machine keys were found in Scott's possession. On a follow-up investigation, Detective Dennis Dunn of the Gretna Police Department, obtained a subpoena and retrieved eleven vending machine keys from Scott's property bag at the Jefferson Parish Correctional Center.
Defendant, Bonck, and the other two perpetrators, Robert Scott and Michael Berber (the driver of the automobile), were charged jointly by a bill of information with attempted simple burglary. Bonck pled not guilty and the matter proceeded to trial following the severance of the defendant Bonck's case from that of Scott and Berber. Following trial, the jury found the defendant Bonck guilty as charged.
On appeal, the defendant argues that the trial court erred in permitting testimony of a previous crime to prove intent; that there was insufficient evidence to support a conviction; and that the trial court erred in failing to grant a new trial when the absence of a key witness was totally unexpected and was not procured by the defendants.

ANALYSIS
Our Supreme Court recently discussed the appellate review procedure in cases such as the one at bar. State v. Hearold, 603 So.2d 731 (La.1992) involved admission of hearsay evidence and the effect of that admission on the sufficiency of the evidence of intent [to distribute drugs]. The court stated:
When issues are raised on appeal both as to the sufficiency of the evidence and as to one or more trial errors, the reviewing court should first determine the sufficiency of the evidence. The reason for reviewing sufficiency first is that the accused may be entitled to an acquittal under Hudson v. Louisiana, 450 U.S. 40, 101 S.Ct. 970, 67 L.Ed.2d 30 (1981), if a rational trier of fact, viewing the evidence in accordance with Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) in the light most favorable to the prosecution, could not reasonably conclude that all of the essential *1128 elements of the offense have been proved beyond a reasonable doubt. When the entirety of the evidence, including inadmissible evidence was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime would be pure dicta since those issues are moot.
On the other hand, when the entirety of the evidence, both admissible and inadmissible, is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. If the reviewing court determines there has been trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial, but is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).
[Emphasis supplied].
Accordingly, our initial task is to determine whether the entirety of the evidence, both admissible and inadmissible, was sufficient to support the conviction.

PRIEUR INCIDENT/SUFFICIENCY OF EVIDENCE
In the case before us the State, in accordance with State v. Prieur, 277 So.2d 126 (La.1973) and State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied, 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980), filed notice of its intent to use evidence of other crimes committed by defendant. More specifically, the state wanted to introduce evidence that on November 5, 1991, "Lucien Bonck was identified as trying to unlock a Coke machine in the Hebert Building" for the purpose of showing "defendant's knowledge, intent, guilty knowledge, system and motive."
At trial, Doris Vegas testified that on November 5, 1991 she was employed in the Hebert Building. When she went to get a Coke out of the vending machine she noticed that the machine was open. When she entered the room, she also observed an individual, whom she subsequently identified as the defendant, Bonck, just standing there. He moved to the entrance of the door, stood there, and kept nervously taking his cap on and off. Seeing the machine open, Ms. Vegas left the room to get Mr. Gerald Hebert, the owner of both the building and the Coke machine. When she and Mr. Hebert returned to the break room, they realized that the money was missing out of the vending machine. By that time, defendant was gone. Ms. Vegas identified defendant in a photographic lineup and at trial as the individual she saw standing by the vending machine on November 5, 1991.
On March 16, 1992, a hearing was conducted on the admissibility of the prior incident. After listening to the testimony presented (substantially identical to the above), the judge ruled that he would allow the evidence. At trial, prior to introducing this evidence through the testimony of Doris Vegas, the judge instructed the jury to consider the testimony for the sole purpose of determining whether defendant "had the specific intent to commit the offense charged, that is the attempted simple burglary on November 9, 1991, or whether he had a motive to do so."
In addition to the foregoing testimony, the jury heard Gerald Hebert, the owner of the building, testify that he owns the soft drink machine located inside his building and further that he does not know defendant and has never given him permission to enter his building. He also testified that about two to three weeks prior to the incidents of November 5 and 9, there was also money missing out of the Coke machine; however, there was never any forced entry into the machine.
Detective Dunn testified that he had determined the Coke machine in the building had been robbed several days before the defendant attempted to break in on November 9. He further determined that the keys found on Scott fit only Coca-Cola *1129 machines, and that one of those keys fit the machine in the Hebert Building.
Scott was called to the witness stand by the defendant and testified that on November 8, 1991, he and defendant Bonck were partying and drinking all night in Fat City. The next morning, the date of the crime charged herein, they asked a friend, Mike Berber, to give them a ride across the river to see a lawyer about getting someone out of jail. Once they got there he and defendant knocked on the front door. Although no one answered the door, they noticed that a lady was inside the building. They then proceeded around the back entrance way and knocked on the back door, but still there was no answer. They continued to try to get into the building by knocking.
Then Scott became angry, knowing a lady was in there. Scott found an iron bar and banged on the door with it. He pulled on the door handle and the frame split. Frightened, he started to walk away. When he walked to the corner where defendant Bonck was waiting, he saw that a police officer had him up against a car. After the officer asked them what they were doing, they were placed under arrest for attempted simple burglary. On cross-examination, Scott testified that he got the Coke machine keys from a friend of his, Mario Catalanotto. According to Scott, his friend had a back injury and he (Scott) would work part time for him filling the machines.
In State v. Burrow, 565 So.2d 972, 976 (La.App. 5 Cir.1990), writ denied, 572 So.2d 60 (La.1991), this Court stated:
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Davis, 540 So.2d 600 (La.App. 5 Cir. 1989). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, `assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence.' The requirement of LSA-R.S. 15:538 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. DiLosa, 529 So.2d 14 (La.App. 5 Cir. 1988), writ denied, 538 So.2d 1010 (La. 1989). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985), dissenting opinion, 475 So.2d 314 (La.1985).
In the present case, defendant was convicted of attempted simple burglary. LSA-R.S. 14:62 defines simple burglary as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60."
An attempt to commit a crime is defined by LSA-R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
Specific intent to commit a crime is an element of an attempted offense. Thus, in order to convict for an attempted offense, there must be sufficient proof that the offender actually desired to cause the proscribed criminal consequences to follow his act or failure to act and that the offender committed or omitted an act for the purpose and tending directly toward the accomplishing of his object. LSA-R.S. 14:10; State v. Williams, 593 So.2d 753 (La.App. 5 Cir.1992).
*1130 Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard, supra. State v. Huizar, 414 So.2d 741 (La.1982); State v. Williams, supra.
In order to be found guilty of attempted simple burglary, a person must have had the specific intent to enter a structure without authorization, with the specific intent to commit a felony or any theft therein. State v. Marcello, 385 So.2d 244 (La.1980); State v. Dunbar, 467 So.2d 139 (La.App. 3 Cir.1985).
Viewing the evidence in the light most favorable to the prosecution, we find that all the evidence taken together was sufficient to prove the defendant did attempt to break into the building, without authorization on November 9, 1991, to burglarize the Coke machine.
However, after careful consideration, we find that it was error for the trial court to admit the evidence of the incident of November 5, involving the Coca-Cola machine for the following reasons.
LSA-C.E. art. 404(B)(1) reads as follows:
Except as provided in Article 412, evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparations, plan, knowledge, identity, absence of mistake or accident, or when it relates to conduct that constitutes an integral part of the act or transaction that is the subject of the present proceeding.
In State v. Prieur, supra, the Supreme Court established the requirement that there must be clear and convincing evidence that the defendant committed the other crime before such evidence could be admissible. Notwithstanding the enactment of the Louisiana Code of Evidence, the clear and convincing standard in regard to other crimes evidence set forth in Prieur and its progeny remains applicable. LSA-C.E. art. 1103 and Comment (k) to LSA-C.E. art. 404.
Three requirements must be met in order that evidence of other crimes be allowed as proof of intent: (1) the prior acts must be similar; (2) there must be a real and genuine contested issue of intent; and (3) the probative value of the evidence must outweigh its prejudicial effect. State v. Kahey, 436 So.2d 475 (La.1983); State v. Romero, 574 So.2d 330 (La.1990); State v. Walters, 514 So.2d 257 (La.App. 5 Cir. 1987), writ denied, 523 So.2d 811 (La.1988).
In the present case we find that the evidence of the prior incident of November 5 described above falls short of the clear and convincing standard. Ms. Vegas did not see defendant touching the machine, or with any keys. She merely found him in the same room with the open machine. The building was open to the public on that day, and there is absolutely no showing of unauthorized entry by the defendant. Ms. Vegas did not testify that there was money in the machine when she entered and that when she returned it was gone. She did not suspect the defendant was robbing the machine at that time. Her testimony is circumstantial evidence which taken alone fails to prove convincingly that defendant indeed robbed the Coke machine that day. His mere present in the same room with the open machine does not suffice to do so. Compare State v. Lott, 535 So.2d 963 (La.App. 2 Cir.1988), wherein the court found that the defendant's presence in the vicinity, without more, cannot exclude other reasonable hypotheses. Therefore, because there was no clear and convincing evidence that defendant committed a burglary on November 5, 1991, evidence of that incident, under the applicable law and jurisprudence cited above, was inadmissible. Moreover, we find that the prejudicial effect of the other incident outweighed any probative value that it had. Accordingly, we find that the trial judge *1131 improperly admitted the evidence surrounding the November 5, 1991 incident.
In determining whether erroneous admission of evidence requires reversal of a defendant's conviction, the proper standard to be used is whether there is a reasonable possibility that the evidence might have contributed to the verdict, and whether the reviewing court is prepared to state beyond a reasonable doubt that it did not. State v. Romero, supra. We are not prepared to make such a statement.
In the present case, there is more than a reasonable possibility that the inadmissible evidence contributed to the verdict. The presence of Coke machine keys on the person of Scott is insufficient to prove specific intent, or to so infer. Scott had a reasonable explanation for the keys, which the prosecution did not even attempt to discredit. While it appears clear that the defendant was involved in the unauthorized entry on November 9, 1991, absent Ms. Vegas' testimony, there is no probative evidence that he had specific intent to commit a theft on that date. See State v. Jacobs, 504 So.2d 817 (La.1987) wherein the trial court found the evidence supported unauthorized entry, but failed to prove requisite intent to commit burglary.
In reviewing the evidence before us here in its entirety, we cannot state beyond a reasonable doubt that the Vegas testimony did not contribute substantially to the guilty verdict. Therefore, we are obliged to reverse the conviction.
Under State v. Hearold, supra, the defendant is not entitled to an acquittal, but is entitled to a new trial. It is, therefore, unnecessary to consider the final assignment of error in view of this ruling.

DECREE
For the foregoing reasons, the conviction is annulled and set aside and the case is remanded for a new trial.
CONVICTION ANNULLED AND SET ASIDE AND CASE REMANDED.