Dear Mr. Guillot:
This office is in receipt of your request for an opinion of the Attorney General with regard to R.S. 14:53, Arson With Intent To Defraud. Your question is if an individual sets fire to his own property, but does not file an insurance claim since he realizes there were witnesses, can he be charged under R.S. 14:53,
R.S. 14:53 provides as follows:
 Arson with intent to defraud is the setting fire to, or damaging by any explosive substance, any property, with intent to defraud.
 Whoever commits the crime of arson with intent to defraud shall be fined not more than ten thousand dollars, imprisoned with or without hard labor for not more than five years, or both.
Attempt is defined in R.S. 14:27(A) as follows:
 Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The court in State v. Porter, 454 So.2d 220 (La.App 1984) ruled these statutes require that the State prove that one accused of the instant crimes possessed the intent to defraud. "Because this is an intent to produce or accomplish some prescribed consequence, it is deemed to be a specific intent." The court quoted State v. Graham, 420 So.2d 1126, as follows:
 However, specific intent is a state of mind, and need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of defendant. * * *
 Specific intent is an ultimate legal conclusion to be resolved by the fact finders.
We note that the reporter's comment to R.S. 14:53 states, "In many states this crime is limited merely to fraud against insurance companies. It is intended here to protect any person, firm or corporation which is injured financially by the destruction of the property."
Thus, we must conclude that while a defendant in the situation described could be charged under R.S. 14:53 for Arson With Intent to Defraud, it would be up to a jury to make the determination if specific intent to defraud was proven. Then if convicted, on appeal the court would have to determine if from the circumstantial evidence, assuming every fact to be proved in order to convict, it excludes every reasonable hypothesis of innocence.
Considering all of this, it would appear that the strongest case would be under a charge of attempted arson with the intent to defraud. R.S. 14:27(A) defines attempt as a person who has specific intent to commit a crime but omits an act tending directly toward the accomplishing of his objective which herein would be filing a claim.
We hope this sufficiently answers your question, but if we can be of further assistance, please do not hesitate to contact us.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 BY: BARBARA B. RUTLEDGE Assistant Attorney General
BBR/0411f