638 So.2d 411 (1994)
STATE of Louisiana
v.
Michael MARTIN.
No. 92-KA-811.
Court of Appeal of Louisiana, Fifth Circuit.
May 31, 1994.
*412 John M. Mamoulides, Dist. Atty., W.J. LeBlanc, Asst. Dist. Atty., Dorothy A. Pendergast, Asst. Dist. Atty. (Louise Korns, of counsel, Office of the Dist. Atty.), Gretna, for plaintiff-appellee.
Bruce G. Whittaker, Staff Appellate Counsel, 24th Judicial Dist., Indigent Defender, Bd., Gretna, for defendant-appellant.
Before KLIEBERT, BOWES and WICKER, JJ.
KLIEBERT, Chief Judge.
Defendant, Michael Martin, was found guilty as charged by unanimous verdict of a twelve-person jury of the attempted second degree murder of Chelsea Lindsey. The trial court found defendant to be a third felony offender and he was sentenced to ninety years at hard labor without the benefit of parole, probation or suspension of sentence. Defendant appeals his conviction and sentence. We affirm the conviction, vacate the sentence, and remand for resentencing.
On appeal, defendant contends the following errors were committed by the trial court:
1) the refusal to give a self-defense charge;
2) the evidence was insufficient to support the conviction;
3) the sentence imposed was excessive; and
4) any errors patent on the face of the record.
Defendant contends he had the right to have the jury charged with a justification defense and that the trial judge erred in refusing to give the requested charge.
LSA-C.Cr.P. art. 802 provides the scope of the general charge given to the jury shall be as follows:
(1) As to the law applicable to the case;
(2) That the jury is the judge of the law and of the facts on the question of guilt or innocence, but that it has the duty to accept and to apply the law as given by the court; and
(3) That the jury alone shall determine the weight and credibility of the evidence.
Thus, Article 802 obligates the court to charge the jury as to the law applicable to any theory of defense which the jurors could reasonably infer from the evidence. State v. Johnson, 438 So.2d 1091 (La.1983); State v. Butler, 462 So.2d 1280 (5th Cir.1985), writ denied, 541 So.2d 886 (La.1989). Special charges are governed by LSA-C.Cr.P. art. 807 which provides, in part, that "a requested special charge shall be given by the court if it does not require qualification, limitation or explanation and if it is wholly correct and pertinent." State v. *413 Johnson, supra. However, the charge must be supported by the evidence. State v. Simmons, 422 So.2d 138 (La.1982); State v. Butler, supra.
In the case before us, no evidence was introduced to support a theory of self-defense. Therefore, because the requested charge was not pertinent, the trial judge did not err in refusing to give the charge. State v. Butler, supra; State v. Jones, 539 So.2d 866 (4th Cir.1989), writ denied, 544 So.2d 396 (La.1989).
Next, defendant contends the evidence was not sufficient to support a conviction under the Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) standard.
In State v. Burrow, 565 So.2d 972, 976 (La.App. 5th Cir.1990), writ denied, 572 So.2d 60 (La.1991), this court stated:
The constitutional standard for testing the sufficiency of the evidence, enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986); State v. Davis, 540 So.2d 600 (5th Cir.1989). When circumstantial evidence is used to prove the commission of the offense, LSA-R.S. 15:438 mandates that, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." The requirement of LSA-R.S. 15:438 does not establish a standard separate from the Jackson standard, but rather provides a helpful methodology for determining the existence of reasonable doubt. State v. Captville, 448 So.2d 676 (La.1984); State v. DiLosa, 529 So.2d 14 (5th Cir.1988), writ denied, 538 So.2d 1010 (La.1989). Ultimately, all evidence, both direct and circumstantial, must be sufficient to support the conclusion that the defendant is guilty beyond a reasonable doubt. State v. Porretto, 468 So.2d 1142 (La.1985), dissenting opinion, 475 So.2d 314 (La.1985).
In the present case, defendant was convicted of attempted second degree murder. LSA-R.S. 14:30.1 defines second degree murder, in part, as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm.
An attempt to commit a crime is defined by LSA-R.S. 14:27 as follows:
A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The gravamen of the crime of attempted murder, whether first or second degree, is the specific intent to kill and the commission of an overt act tending toward the accomplishment of that goal. State v. Huizar, 414 So.2d 741 (La.1982). Although a specific intent to inflict great bodily harm may support a conviction of murder, the specific intent to inflict great bodily harm will not support a conviction of attempted murder. State v. Odom, 511 So.2d 1214 (La.App. 2nd Cir.1987), writ denied, 515 So.2d 446 (La.1987); State v. Banks, 496 So.2d 1099 (La.App. 4th Cir.1986).
Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). State v. Thomas, 604 So.2d 52 (La. App. 5th Cir.1992). Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. Bonck, 613 So.2d 1125 (La.App. 5th Cir. 1993), writ denied, 620 So.2d 840 (La.1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard, supra. State v. Huizar, supra; State v. Bonck, supra.
*414 In the present case, the evidence revealed that the police were summoned to the scene because of an argument which was going on between the victim, Chelsea Lindsey, and defendant. When Deputy Roger Ballard arrived, he was directed upstairs by a group of people telling him that a girl was in trouble. As Deputy Ballard proceeded upstairs, Officer George King arrived and saw a female fall from the second floor balcony. Officer King then proceeded upstairs to assist Deputy Ballard. When the officers entered the apartment, they observed defendant walking from the balcony area, covered in what appeared to be blood. At trial, Officer King testified that he did not observe defendant on the balcony with the victim and further that it appeared that the woman was jumping over the balcony as a means of escape.
After the officers ascertained that defendant was not injured, they searched the apartment. They observed pieces of a broken vase and blood splattered throughout the apartment with the exception of the bathroom. At trial, the occupant of the apartment, Evelyn Jackson, identified photographs of her apartment and testified that her apartment was not in that condition at the time she was locked out of the apartment by defendant during his argument with Chelsea Lindsey.
At trial, the victim herself testified that after defendant hit her, the next thing she remembered was waking up in the hospital. In addition to these facts, the severity of the injuries suffered by the victim also shows that defendant had the specific intent to kill as is required for an attempted second degree murder conviction. At trial, the paramedic who responded to the call, testified that upon his arrival, the victim was laying face down on the ground surrounded by blood, and she did not appear to be conscious. He observed multiple lacerations to her face, as well as deep lacerations on her arm and neck. She had a partially amputated left ear and an amputated thumb that was barely hanging on to her hand. She also had cuts on the front and back of her torso. The paramedic described her condition as critical to life threatening. He further testified that from his experience, the victim's injuries did not come from her hitting the fence.
Based on these facts, it can be said that the state proved beyond a reasonable doubt that defendant had the specific intent to kill and committed an overt act for the purpose of accomplishing that goal. See State v. Yarbrough, 596 So.2d 311 (La.App. 3rd Cir. 1992), writ denied, 599 So.2d 317 (La.1992). Accordingly, this assignment of error is without merit.
Finally, the defendant alleged the sentence imposed was excessive.
On October 28, 1991, defendant was sentenced for his attempted second degree murder conviction to fifty years at hard labor, with credit for time served. However, that sentence was vacated on October 29, 1993, and the judge sentenced defendant under the provisions of LSA-R.S. 15:529.1 as a third felony offender to ninety years at hard labor without benefit of parole, probation or suspension of sentence. Defendant orally objected, alleging the sentence imposed was excessive. Thus, the issue is preserved for review.
LSA-R.S. 14:30.1 provides that "whoever commits the crime of second degree murder shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence." The penalties for an attempted offense are provided for in LSA-R.S. 14:27 D, which reads, in pertinent part as follows:
D. Whoever attempts to commit any crime shall be punished as follows:
(1) If the offense so attempted is punishable by death or life imprisonment, he shall be imprisoned at hard labor for not more than fifty years;
As a third felony offender, defendant was subjected to a sentencing range of between 33 1/3 years to 100 years. Defendant contends the enhanced sentence of ninety years is excessive.
In State v. Jones, 559 So.2d 492, 495 (La. App. 5th Cir.1990), writ denied, 566 So.2d 981 (La.1990), this Court stated the following regarding excessive sentences:

*415 The courts are prohibited from imposing cruel, excessive, or unusual punishment by Article I, Section 20 of the Louisiana Constitution of 1974. Sentences which are "grossly out of proportion to the severity of the crime" or "nothing more than the purposeless and needless imposition of pain and suffering" are excessive. State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Studivant, 531 So.2d 539 (La.App. 5th Cir.1988). Even sentences which are within statutory limits may violate a defendant's constitutional right against excessive punishment. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Tyler, 524 So.2d 239 (La.App. 5th Cir. 1988).
In reviewing a sentence for excessiveness this court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock our sense of justice, recognizing at the same time the wide discretion afforded the trial judge in determining and imposing sentence. A sentence within statutory limits will not be set aside as excessive absent a manifest abuse of discretion. State v. Davis, 449 So.2d 452 (La.1984); State v. Lynch, 512 So.2d 1214 (La.App. 5th Cir.1987).
Three factors to be considered in reviewing a judge's sentencing discretion are: 1) the nature of the crime; 2) the nature and background of the offender; and 3) the sentence imposed for similar crimes by the same court and other courts. State v. Telsee, 425 So.2d 1251 (La.1983); State v. Smith, 520 So.2d 1252 (La.App. 5th Cir.1988), writ denied, 523 So.2d 1320 (La.1988).
In an effort to implement a uniform sentencing policy for the state judiciary, the State Legislature created the Louisiana Sentencing Commission whose purpose is "... to assist the judiciary by formulating such policy in the form of advisory sentencing guidelines to be considered in determining sentences in particular cases." LSA-R.S. 15:321(B). "The commission shall adopt advisory guidelines for consideration by the court imposing sentence in particular cases based upon reasonable offense and offender characteristics." LSA-R.S. 15:326(A). The commission shall specify a range of sentence depending on the presence of aggravating and mitigating circumstances. LSA-R.S. 15:326(B). "No sentence shall be declared unlawful, inadequate or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission." LSA-R.S. 15:328(B). The sentencing guidelines became effective January 1, 1992.
When the defendant has been convicted of a felony, the court shall consider the sentencing guidelines promulgated by the Louisiana Sentencing Commission in determining the appropriate sentence to be imposed. However, no sentence shall be declared unlawful, inadequate, or excessive solely due to the failure of the court to impose a sentence in conformity with the sentencing guidelines of the commission. See LSA-C.Cr.P. art. 894.1 A and art. 881.6. C.Cr.P. art. 894.1(C) provides "[t]he court shall state for the record the considerations taken into account, including any aggravating or mitigating circumstances which may be present, and the factual basis therefor in imposing sentence."
LSA-C.Cr.P. art. 881.4 D provides that "[T]he appellate court shall not set aside a sentence for failure to impose a sentence in conformity with the sentencing guidelines or for excessiveness if the record supports the sentence imposed."
The sentencing guidelines suggest a sentence in the instant matter of 33 1/3 years. The trial court sentenced the defendant to 99 years. While stating for the record that the sentencing guidelines were considered, the trial court did not articulate his reasons for the deviation by specifying the aggravating circumstances.
Given the statutory provisions and the guidelines above quoted, we believe that in imposing sentence the trial judge must consider the Louisiana Sentencing Guidelines. Although he is not required to impose the same sentence suggested by the *416 guidelines, he must articulate his basis and reason for deviation.[1]
Accordingly, we affirm defendant's conviction, vacate the sentence imposed, and remand this matter to the trial court for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[1] State v. Smith, 610 So.2d 152 (La.App. 4th Cir.1992), affirmed, 629 So.2d 333 (La.1993) supports this view. We note, however, that the Louisiana Supreme Court recently granted a motion to reconsider the original decision.