665 So.2d 454 (1995)
STATE of Louisiana
v.
Juanita ANDREWS.
No. 95-KA-129.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1995.
*455 John M. Mamoulides, District Attorney, Terry M. Boudreaux, Assistant District Attorney, Louise Korns, of counsel, Office of the District Attorney, Gretna, for Plaintiff-Appellee, State of Louisiana.
Bruce G. Whittaker, Staff Appellate Counsel, Indigent Defender Board, Gretna, for Defendant-Appellant, Juanita Andrews.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
KLIEBERT, Judge.
After a jury trial, the defendant, Juanita Andrews, was found guilty as charged of the armed robbery and attempted second degree murder of Alejandro Delarosa. The trial court sentenced the defendant to thirteen years at hard labor without benefit of probation, parole, or suspension of sentence on the armed robbery conviction and thirteen years at hard labor on the attempted second degree murder conviction, with the sentences to run concurrently.
Defendant appeals her convictions and sentences. We affirm the convictions and sentences as amended and remand.
On appeal, the defendant contends that the evidence was insufficient to support the conviction of attempted second degree murder. The defendant's appeal also urges this Court to search the record for any errors patent on the face of the record.
The standard for testing the sufficiency of the evidence, as pronounced in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) requires that a conviction must be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
LSA-R.S. 14:30.1 defines second degree murder, in part, as the killing of a human being when the offender has a specific intent to kill or to inflict great bodily harm.
An attempt to commit a crime is defined by LSA-R.S. 14:27 as follows:

*456 A. Any person, who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.
The gravamen of the crime of attempted murder, whether first or second degree, is the specific intent to kill and the commission of an overt act tending toward the accomplishment of that goal. State v. Huizar, 414 So.2d 741 (La.1982). Although a specific intent to inflict great bodily harm may support a conviction for murder, the specific intent to inflict great bodily harm will not support a conviction of attempted murder. State v. Martin, 638 So.2d 411 (La.App. 5th Cir.1994); State v. Odom, 511 So.2d 1214 (La.App. 2nd Cir.1987), writ denied, 515 So.2d 446 (La.1987).
Specific intent is defined as that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. LSA-R.S. 14:10(1). State v. Thomas, 604 So.2d 52 (La. App. 5th Cir.1992). Specific intent is a state of mind and, as such, need not be proven as a fact but may be inferred from the circumstances and actions of the accused. State v. Graham, 420 So.2d 1126 (La.1982); State v. Bonck, 613 So.2d 1125 (La.App. 5th Cir. 1993), writ denied, 620 So.2d 840 (La.1993). The determination of whether the requisite intent is present in a criminal case is for the trier of fact, and a review of the correctness of this determination is to be guided by the Jackson standard, supra. State v. Huizar, supra; State v. Bonck, supra.
In the present case, the victim testified that he was robbed by two females in a parking lot outside a night club as he attempted to retrieve some gum from his car. When the victim refused to give up his wallet, one of the women shouted "give me your wallet or you will die." When he turned around, the defendant stabbed at him with an umbrella which pierced the victim's arm. The defendant's twin sister struck the victim in the face with a beer bottle.
The defendant's sister, who pled guilty to the reduced charge of aggravated battery, testified that she robbed the victim after striking him in the face with a beer bottle. She refused to identify her co-perpetrator and denied that the defendant was involved in the robbery.
The evidence presented at trial proved that the defendant and her sister robbed the victim and when he resisted the robbery, both perpetrators used weapons to inflict great bodily harm on the victim. The victim was told to give up his wallet or "die." The injuries caused to the victim were severe. Based on these facts, it can be said that the state proved beyond a reasonable doubt that the defendant had the specific intent to kill and committed an overt act for the purpose of accomplishing that goal.
An error patent review reveals two errors patent on the face of the record. Neither of these errors requires reversal of defendant's conviction and sentence. LSA-C.Cr.P. art. 921. While the minute entry reflects that defendant was given credit for time served pursuant to LSA-C.Cr.P. art. 880, the transcript does not so reflect. Generally, where there is a discrepancy between the minute entry and transcript, the transcript should prevail. State v. Lynch, 441 So.2d 732 (La.1983). However, since art. 880 is mandatory in nature, defendant is entitled to credit for time served despite the fact that it is not specifically stated in the transcript. Accordingly, defendant's sentence is amended to award credit for time actually spent in custody, if any, prior to the imposition of her sentence.
Our review of the record reveals that the trial judge did not advise the defendant of the prescriptive period for post-conviction relief at the time of the sentencing as mandated by LSA-C.Cr.P. art. 930.8. Accordingly, the trial court is directed to inform the defendant of the provisions of LSA-C.Cr.P. art. 930.8 by sending appropriate written notice to defendant within ten days of the rendition of this opinion and to file written proof that defendant received the notice in the record of *457 this proceeding. State v. Kershaw, 643 So.2d 1289 (La.App. 5th Cir.1994).
We affirm the defendant's convictions and the sentences imposed as amended. We remand this case to the trial court for further action consistent with this opinion.
AFFIRMED AS AMENDED; REMANDED.