STATE OF LOUISIANA
v.
LARRY McKINLEY CLAIBORNE
No. 2009 KA 0597.
Court of Appeals of Louisiana, First Circuit.
September 11, 2009.
Not Designated for Publication
HILLAR C. MOORE, III, District Attorney, STACY L. WRIGHT, Assistant District Attorney, Counsel for Appellee State of Louisiana.
MARY CONSTANCE HANES, Louisiana Appellate Project, Counsel for Defendant/Appellant Larry McKinley Claiborne.
Before: CARTER, C.J., GUI DRY, and PETTIGREW, JJ.
GUIDRY, J.
Defendant, Larry McKinley Claiborne, was charged by bill of information with one count of simple burglary, a violation of La. R.S. 14:62. After entering a plea of not guilty, defendant proceeded to trial before a jury. The jury determined defendant was guilty as charged. The trial court sentenced defendant to a term of seven years imprisonment at hard labor.
Defendant appeals, citing the following as error:
1. There is insufficient evidence to support [defendant's] conviction for simple burglary; the State failed to exclude every reasonable hypothesis of innocence; and
2. In the alternative, the evidence was sufficient to support only a conviction for unauthorized entry of a place of business, and [the] Court should modify the verdict pursuant to La. C.Cr.P. art. 821(E).
Defendant's conviction and sentence are affirmed.

FACTS
William Healy worked as the Information Systems Director for Spectrum Engineering (Spectrum), located at 9215 Interline in Baton Rouge in an office building owned by Robert Cunard. On Monday morning, February 20, 2006, Healy returned to his office from the weekend break. Soon after his arrival, he and various employees of Spectrum became aware that several pieces of equipment were missing. These items included a projector, tape recorder, laptop computer, and CAD pipe.[1]
Healy checked his office computer, which he had equipped with a camera that would take photographs in the office if it detected motion and e-mail the pictures to him. According to Healy, the camera had taken pictures of two men in his office on Saturday, February 18, 2006. Healy testified that he had not authorized the men in the pictures, one of whom was identified as defendant and the other never identified, to be in his office. Healy gave the pictures to Spectrum's chief financial officer, who contacted Cunard.
Cunard contacted Henry Clark, the owner of Budget Cleaning and Maintenance, whose company had contracted with Cunard to provide janitorial services to the building housing the Spectrum offices. Cunard showed Clark the photographs taken by the camera on Healy's computer. Clark immediately recognized defendant as one of the men in the pictures and acknowledged that defendant was not authorized to be in the building. Although defendant would sometimes perform specific jobs for Clark, he was not on the payroll at this time. Clark stated that defendant's wife was employed by him and had been provided keys to the building.
Defendant was subsequently arrested and prosecuted for the instant crime.

SUFFICIENCY OF THE EVIDENCE
In his first assignment of error, defendant argues there is insufficient evidence to support his conviction for simple burglary, because the State failed to exclude every reasonable hypothesis of innocence. Defendant also contends there was no evidence that he intended to commit a theft or other felony on the property.
The constitutional standard for testing the sufficiency of the evidence, as enunciated in Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979), and adopted by the Legislature in La. C. Cr. P. art. 821, requires that a conviction be based on proof sufficient for any rational trier of fact, viewing the evidence in the light most favorable to the prosecution, to find the essential elements of the crime beyond a reasonable doubt. The Jackson standard of review is an objective standard for testing the overall evidence, both direct and circumstantial, for reasonable doubt. When analyzing circumstantial evidence, La. R.S. 15:438 provides that in order to convict, the trier of fact must be satisfied that the overall evidence excludes every reasonable hypothesis of innocence. State v. Graham, 02-1492, p. 5 (La. App. 1st Cir. 2/14/03), 845 So. 2d 416, 420.
Simple burglary is defined in La. R.S. 14:62(A) as:
[T]he unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, or any cemetery, with the intent to commit a felony or any theft therein, other than as set forth in R.S. 14:60.
Specific intent is that state of mind that exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1). Such a state of mind can be formed in an instant. State v. Cousan, 94-2503, p. 13 (La. 11/25/96), 684 So. 2d 382, 390. Specific intent need not be proven as a fact, but may be inferred from the circumstances of the transaction and the actions of the defendant. State v. Graham, 420 So. 2d 1126, 1127 (La. 1982).
The State presented photographs taken by a camera connected to Healy's office computer. In these photographs, defendant and another person are pictured wearing gloves. The gloves on the unknown person appear to be rubber, which Clark testified were usually worn by his employees when cleaning bathrooms. Defendant is pictured wearing what appears to be a cloth-type glove. There was ample evidence that defendant had not been authorized to enter the building on this date. Moreover, Healy testified that the camera had photographed the cleaning crew on Friday evening, and he was unaware of any other activity that had occurred in the Spectrum offices requiring them to be cleaned again on Saturday. Clark testified that although defendant sometimes accompanied his wife on assignments, he had not been advised that defendant had performed any work for which he should receive compensation on the date his photograph was taken in Healy's office. Defendant's unauthorized presence, while wearing gloves, in the Spectrum offices a day after they had been cleaned, clearly provided a basis for the jury to infer that defendant possessed the intent to commit a felony (theft) therein. Accordingly, we find the jury's determination that the defendant entered the building without authorization with the intent to commit a felony to be sufficiently supported by the evidence.
Although the defendant did not present any witnesses, because circumstantial evidence was used to support his conviction, defendant further contends that the State failed to exclude a reasonable hypothesis of innocence, i.e., that the items were stolen by someone from the Friday evening cleaning crew. We disagree. The evidence of the photographs of the defendant in Healy's office wearing gloves one day after the office had been cleaned, viewed in the light most favorable to the prosecution, supports the jury's conclusion that defendant obtained the keys to Spectrum and entered the premises without authorization. There was testimony that no Spectrum employee entered the premises between the time the cleaning crew had completed its work on Friday evening and Monday morning. The jury's conclusion that the items were taken by defendant and his accomplice, who were unauthorized to be in the building and were photographed wearing gloves (from which the jury could reasonably infer a desire to prohibit leaving fingerprints) reasonably excludes the possibility that the items were taken by the Friday evening cleaning crew. See State v. Ordodi, 06-0207, p. 14 (La. 11/29/06), 946 So. 2d 654, 662.
This assignment is without merit. Further, because we find the defendant's conviction is supported by the evidence, we pretermit discussion of the alternative assignment of error that defendant's conviction be reduced to the lesser offense of unauthorized entry.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] A CAD pipe is described as a security lock device that plugs into a computer to unlock software.